Jerry SMOTHERS, Appellant

v.

BAPTIST HOSPITAL EAST, Appellee

NO. 2013–CA–000947–DG

Court of Appeals of Kentucky.

RENDERED: JUNE 12, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: Kyle A. Burden, Louisville, Kentucky

BRIEF FOR APPELLEE: Joseph R. Cox, Bowling Green, Kentucky

BEFORE: DIXON, KRAMER, AND NICKELL, JUDGES.

*OPINION*

NICKELL, JUDGE:

We granted discretionary review of Jerry Smothers' challenge of the Jefferson Circuit Court's order affirming the Jefferson District Court's entry of summary judgment in favor of Baptist Hospital East in a collection action against him stemming from unpaid medical bills incurred on behalf of Smothers' minor daughter. Following a careful review, we affirm.

Smothers and an unnamed woman are the biological parents of a minor child, Taylor. Smothers provided health insurance for the child. In October 2008 and June 2009, the mother twice took Taylor to Baptist Hospital East for medical treatment. Smothers denies knowledge of the visits or the treatment provided. The record is unclear as to what treatment Taylor received on these dates. Smothers' health insurance provider paid for a portion of the medical expenses but the remaining balance remained outstanding. On July 6, 2011, Baptist Hospital East filed an action against Smothers in Jefferson District Court to collect the unpaid medical bills.

On January 24, 2012, Baptist Hospital East moved the trial court for entry of summary judgment, arguing no genuine issue of material fact existed and it was entitled to judgment as a matter of law. No response to the motion appears in the record. However, on January 31, 2012, Smothers moved the trial court to declare KRS[1] 405.020—a statute mentioned in Baptist Hospital East's motion for summary judgment—unconstitutional, arguing it improperly shielded women from financial liability and thus constituted gender-based discrimination. In response, Baptist Hospital East argued numerous other avenues existed to establish Smothers' liability apart from application of the disputed statute, including the common law doctrine of necessaries.

On February 10, 2012, in a succinct order, the District Court entered summary judgment in favor of Baptist Hospital East and awarded damages in the amount of $597.19. Smothers subsequently moved to vacate the February 10 order, contending the trial court erred in failing to rule on the constitutionality of KRS 405.020; reiterating his previous arguments related to that statute; positing the trial court improperly imposed a financial burden upon him solely because he provided health insurance for Taylor; and arguing genuine issues of material fact existed as to whether any services or treatment were actually rendered. The motion was overruled and Smothers appealed, raising the same allegations in support of his position.

The Jefferson Circuit Court affirmed the District Court's decision on appeal. As had the district court before it, the circuit court declined to render a decision on Smothers' constitutional challenge, declaring such a determination unnecessary in reliance on the holding of *Stephenson v. Woodward*, 182 S.W.3d 162, 168 (Ky.2005) (constitutional adjudication to be avoided unless strictly necessary to a decision).

---

1. Kentucky Revised Statutes.

The circuit court concluded the common law doctrine of necessaries requires both parents to be jointly and severally liable for the support of their children, including payment for medical treatments. In final support of its decision,, the circuit court went on to state:

> Applying the above principles to the instant case, the fact that Baptist East looked to Smothers first to pay the medical bills in question was reasonable since he provided Taylor's health insurance. The record is silent on the marital status of Smothers and Taylor's mother. It is apparent, however, for whatever reason, that Smothers believes Taylor's mother should bear the cost of Taylor's expenses that exceeded that which his insurance company paid. This being so, he had the ability to implead Taylor's mother as a party under either CR [2] 14.01 or CR 19.01 in an attempt to foist some or all of the excess liability on her. Smothers did not take this route, choosing instead to argue he had no further responsibility for his daughter's medical bills at all. Left with no other parent or guardian to pay the bills in question, the District Court did not err by placing full liability on Smothers, the parent before it who unquestionably bore the responsibility by operation of "natural law." *Rounds Brothers [v. McDaniel,* 133 Ky. 669, 118 S.W. 956 (1909) ].

(Footnote added). We granted discretionary review to address Smothers' arguments related to the applicability and constitutionality of KRS 405.020, as well as those concerning his liability to pay for medical services for his biological child for which he had not consented nor explicitly accepted financial responsibility.

■ Error correction is not the purpose of discretionary review. Special reasons must exist such as novel questions of law and the interpretation of statutes, matters of general public interest and the administration of justice, or clearly erroneous judgments resulting in manifest injustice. 7 Kurt A. Philipps, David V. Kramer and David W. Burleigh, *Kentucky Practice–Rules of Civil Procedure Annotated,* Rule 76.20, cmt. 1 (5th ed. West Group 1995).

■ As an initial matter, we note Smothers' failure to comply with CR 76.12(4)(c)(v) which requires "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."

> CR 76.12(4)(c)[ (v) ] in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).

*Elwell v. Stone,* 799 S.W.2d 46, 48 (Ky. App.1990) (quoting *Massie v. Persson,* 729 S.W.2d 448, 452 (1987) (*overruled on other grounds by Conner v. George W. Whitesides Co.,* 834 S.W.2d 652 (Ky.1992)). Also in contravention of the provisions of CR 76.12(4)(c)(iv) and (v), Smothers' brief does not contain a single reference to the record supportive of his arguments. Failing to comply with these rules is an unnecessary risk the appellate advocate should not chance. Compliance with CR 76.12 is mandatory. *See Hallis v. Hallis,* 328

---

**2.** Kentucky Rules of Civil Procedure.

S.W.3d 694, 696 (Ky.App.2010). Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike the brief or dismiss the appeal for Smothers' failure to comply with the rules. While we have chosen not to impose such a harsh sanction, we caution counsel that such latitude may not be extended in the future.

Smothers first—and chiefly—argues KRS 405.020(1) violates the equal protection clause of the federal constitution because it holds fathers primarily liable for the nurture and education of children under the age of eighteen. KRS 405.020(1) provides:

> The father and mother shall have the joint custody, nurture, and education of their children who are under the age of eighteen (18).... The father shall be primarily liable for the nurture and education of his children who are under the age of eighteen (18) and for any unmarried child over the age of eighteen (18) when the child is a full-time high school student, but not beyond completion of the school year during which the child reaches the age of nineteen (19) years.

Smothers alleges he provided the required notification of the constitutional challenge to KRS 405.020(1) to the Attorney General who has declined to participate in this litigation to defend the statute.[3] The circuit court did not rule on the constitutionality of KRS 405.020(1) and instead based its decision on the common law doctrine of necessaries whereby a father must provide for the nurture and support of his children. *Colovos' Adm'r v. Gouvas*, 269 Ky. 752, 108 S.W.2d 820 (1937).

■■ The circuit court correctly stated that ruling upon constitutional questions should be avoided when there is an alternative basis for a decision.

We also reiterate the long-observed principle that constitutional adjudication should be avoided unless it is strictly necessary for a decision in the case. In *Spector Motor Service v. McLaughlin*, the Supreme Court of the United States stated, "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable." 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944). More recently, in *Gomez v. U.S.*, the Court stated, "It is our settled policy to avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question." 490 U.S. 858, 864, 109 S.Ct. 2237, 2241, 104 L.Ed.2d 923 (1989). One articulation of the rule directly applicable here was first stated by Justice Brandeis: "Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter." *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring). *Stephenson*, 182 S.W.3d at 168. We agree with the circuit court that the matter at bar can be decided absent a constitutional adjudication. Thus, in spite of Smothers' urging, the same must be avoided. Further, even were we inclined to address the question, our decision would constitute an impermissible advisory opinion, as neither of the courts below utilized the challenged portion of the statute as a basis for its

---

**3.** The Attorney General filed its "Notice of Intention Not to Intervene" on February 27, 2012, the same day the trial court denied Smothers' motion to vacate the February 10, 2012, summary judgment. Smothers filed his notice of appeal four days later.

decision, instead grounding the opinions on the common law doctrine of necessaries. To the extent Smothers seeks to have the present version of KRS 405.020(1) examined, its constitutionality has no foreseeable application to him. Thus, in the absence of an actual controversy, we must refrain from any commentary on the subject. *See Commonwealth v. Hughes*, 873 S.W.2d 828, 829 (Ky.1994) (reaffirming courts have "no jurisdiction to decide issues which do not derive from an actual case or controversy"). Rather, we turn our attention to the basis espoused by the circuit court for its decision—the common law doctrine of necessaries.[4]

Courts vary in the application of the doctrine of necessaries. In Indiana, there must be a finding that a parent negligently failed to provide for medical expenses before the parent is liable for medical treatment provided without consent. *Bryant v. Mutual Hosp. Services*, 669 N.E.2d 427 (Ind.App.1996). The Supreme Court of Alabama held a lack of knowledge or consent does not relieve the parent of liability, rather liability is premised upon a finding of necessity, which depends on the facts and circumstances of each case. *Ex parte University of South Alabama*, 541 So.2d 535 (Ala.1989). Similarly, the Missouri Court of Appeals held liability depends upon a finding the treatment was medically necessary and the charges reasonable rather than knowledge or consent. *Estate of Bonner*, 954 S.W.2d 356 (Mo.App.1997). The Supreme Court of Mississippi held under its common law that husband and wife are equally liable for reasonable medical expenses of their children. *McLain v. West Side Bone and Joint Center*, 656 So.2d 119 (Miss.1995). At least two states

have statutes declaring father and mother are both primarily liable for the nurture of their children. N.C.Gen.Stat. Sec. 50–13.4(b); S.C.Code.Ann. Sec. 63–5–10.

Recently, this Court addressed the doctrine of necessaries holding a father liable to pay half of his child's funeral expenses. *Jewell v. Jewell*, 255 S.W.3d 522 (Ky.App. 2008). The holding in *Jewell* did not address KRS 405.020, instead relying upon the common law and KRS 406.011, which states the father of a child born out of wedlock is liable to the same extent as the father to a child born in wedlock. While the present case raises questions beyond *Jewell*, such as what proof is necessary to sustain a finding of liability, we believe *Jewell* is instructive and correctly sets forth the current state of Kentucky law.

■■■ The common law doctrine of necessaries imposes a duty of responsibility on parents for the care, nurture and upbringing of their children. This duty applies equally and jointly to both parents, whether married, divorced, or otherwise. The focus is—and properly should be—on the best interests and needs of the child in light of both parents' ability to contribute to the child's support. Such is evident from a reading of the cases and statutes cited herein, among numerous others dating back more than a century. The moral and natural duty of a parent to care for the needs of his or her child is clearly ingrained in the legal landscape of the Commonwealth.

Moreover, parents not only have a universal and moral duty to support and maintain their minor children, but they also have a statutory duty. KRS

---

4. Although application of the doctrine of necessaries renders moot our need to reach the issue of whether KRS 405.020(1) passes constitutional muster, we note the statute does facially raise constitutional concerns based on

the potential for gender inequality. We urge the General Assembly to ensure all statutes comport with constitutional mandates and apply with equal force to all Kentuckians.

405.020. And child support is a statutory duty intended to benefit the children not the parents. *Clay v. Clay,* 707 S.W.2d 352 (Ky.App.1986). The legal obligation to support children remains until the children are emancipated. KRS 403.213(3).

*Ciampa v. Ciampa,* 415 S.W.3d 97, 101 (Ky.App.2013), *review denied* (Dec. 11, 2013).

■ Our review of the record indicates the circuit court correctly concluded Smothers was under a duty to provide support for Taylor, including payment for her necessary medical expenses. Although this duty applied with equal force to Taylor's mother, she was not a party to the action, and her identity was apparently unknown to Baptist Hospital East. As the trial court also correctly noted, if he believed the mother was solely or even partially responsible for the outstanding debt, Smothers could easily have sought to implead her under the provisions of CR 14.01 or CR 19.01. Smothers did not do so, and this failure rendered him the sole potentially responsible party before the court. There was no error in the circuit court's conclusion with respect to Smothers' liability.

Next, Smothers contends the mere fact that he provided health insurance coverage for Taylor does not make him *per se* liable for unpaid expenses which were incurred without his express consent or agreement to pay them. Smothers does not enlighten us as to where or when this decision was rendered by either of the courts below. Our review of the record does not reveal any such determination. In the absence of an adverse ruling, there is simply nothing for us—as an appellate court—to review or pass upon. No further discussion is warranted.

■ Finally, Smothers argues genuine issues of material fact existed which should have precluded the trial court from granting summary judgment in favor of Baptist Hospital East. He contends Baptist Hospital East failed to establish Taylor actually received any treatment at its facility nor did it prove who expressly accepted financial responsibility for any such treatment, if any was actually rendered. Smothers believes these failures militated against entry of summary judgment in favor of the hospital. We disagree.

The well-settled standard of review of a trial court's grant of summary judgment is whether the trial court correctly found there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476 (Ky.1991). Summary judgment is appropriate when " 'as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.' " *Id.* at 483 (quoting *Paintsville Hospital Co. v. Rose,* 683 S.W.2d 255, 256 (Ky.1985)). "The party opposing summary judgment cannot rely on their own claims or arguments without significant evidence in order to prevent a summary judgment." *Wymer v. JH Properties, Inc.,* 50 S.W.3d 195, 199 (Ky.2001) (citing *Harker v. Federal Land Bank of Louisville,* 679 S.W.2d 226 (Ky. 1984)). In making its determination, a trial court must discern "whether, from the evidence of record, facts exist which would make it possible for the non-moving party to prevail. In the analysis, the focus should be on what is of record rather than what might be presented at trial." *Welch v. American Publishing Co. of Kentucky,* 3 S.W.3d 724, 730 (Ky.1999).

Before this Court, Smothers remains constant in his assertion that *no proof of* Taylor receiving medical treatment was presented. He gives no basis for his be-

lief other than his own self-serving statements. He does not deny that Taylor is his biological child. He further does not attempt to explain how or why Taylor's health insurance provider would have paid for treatments which were not performed. Nevertheless, he argues the trial court erroneously found no material issue of fact existed as to whether treatment was actually provided. In the alternative, Smothers contends the trial court erred in granting summary judgment as an issue of fact remained regarding whether he personally accepted financial responsibility for the alleged debt. We disagree with Smothers' assertions and affirm.

The initial burden is on the proponent of the motion for summary judgment to convince the trial court of the nonexistence of an issue of material fact. Once that burden has been met, the burden shifts to the party opposing summary judgment to present affirmative evidence showing a material issue exists. The party opposing summary judgment "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Steelvest,* 807 S.W.2d at 481 (internal quotations omitted) (citation omitted).

In the case *sub judice,* Smothers did not produce any affirmative evidence in responding to the summary judgment motion, but rather relied solely upon his bare assertions and arguments. Our jurisprudence makes it abundantly clear that such actions cannot suffice to overcome the burden placed on opponents of properly supported summary judgment motions. Moreover, Smothers' self-serving testimony cannot overcome the substantial evidence of record indicating Taylor received medical treatment on two different occasions at Baptist Hospital East, especially when the health insurance Smothers provided for Taylor made payments for services rendered on those dates. Thus, we believe Smothers' contention that an issue existed as to whether Taylor was actually treated on those dates is without merit. Based on the record before us, we cannot say the trial court erred in concluding no genuine issue of material fact existed or that Baptist Hospital East was entitled to judgment as a matter of law.

For the foregoing reasons, the judgment of the Jefferson Circuit Court affirming the decision of the Jefferson District Court is affirmed.

ALL CONCUR.