# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.


# Supreme Court of Kentucky

### 2019-SC-000474-DE

THOMAS LEE PERRY          APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.          CASE NO. 2018-CA-001674-MR
BOONE CIRCUIT COURT NO. 18-CI-00620

LEA NICOLE GOODWIN AND          APPELLEES
CAITLYN MANON CURNETT

### MEMORANDUM OPINION OF THE COURT

### <u>REVERSING</u>

In order for a non-parent of a child "three (3) years of age or older" to qualify as de facto custodian for child custody purposes, that person must be "shown by clear and convincing evidence to have been the primary caregiver for, and financial supporter of, a child who has resided with the person for . . . a period of one (1) year or more[.]" KRS[1] 403.270(1)(a). The issue we resolve in this case is whether the Court of Appeals erred in setting aside the Boone Circuit Court's Findings of Fact and Conclusions of Law that denied Lea Nicole Goodwin de facto custodian status based on proof that Caitlyn Manon Curnett, her half-sister and mother of the child, resided with Goodwin and the child for

---

[1] Kentucky Revised Statutes.

a portion of the year in question. We hold that the Court of Appeals did err, and therefore reverse its opinion and reinstate the Boone Circuit Court's Findings of Fact and Conclusion of Law denying de facto custodian status to Goodwin.

## I. Factual and Procedural Background.

Thomas Lee Perry and Caitlyn Curnett are the parents of a child who was over three years of age[2] at all times pertinent to this action. At the child's birth, Perry, Curnett and the child lived together in Texas. Curnett left when the child was nine-months-old. Prior to April 22, 2017, Perry and the child resided together in Texas or Nevada, although Perry permitted Curnett to visit with the child on various occasions, including a one-month stay during the summer of 2016. Following the conclusion of the 2016 visit, the child returned to Texas to reside with Perry and his wife. On April 22, 2017, by mutual agreement, the child came to visit Goodwin and Curnett in Kentucky for a planned stay of approximately two months. The stay was scheduled to end in June 2017. As found by the trial court, Perry "never consented to allowing the child to remain in Kentucky with [Goodwin,]" nor did he consent to the child attending school in Kentucky.

As found by the trial court, when the child arrived in Kentucky, Curnett was residing with Goodwin and at all times thereafter maintained her legal residence, received her mail, and kept her belongings at Goodwin's residence.

---

[2] The child's date of birth was May 2, 2012.

2

Additionally, Curnett initially provided some assistance in caring for the child. Significantly, the trial court made the following findings of fact:

> [Curnett] resided full time in [Goodwin's] home with the child for several weeks following the child's April 22, 2017 arrival and she, again, resided full time in [Goodwin's] home for a few weeks surrounding the start of school in August 2017. During these time periods, [Curnett] participated in the care of the child. According to witness Toni Denato, [Curnett] picked the child up and dropped the child off for child care during these periods and took the child to doctor's appointments.

In late June 2017, Curnett informed Perry that she was not returning the child. Upon Perry's text inquiry to Goodwin, Goodwin advised that she, Goodwin, was not involved in the decision. Unknown to Perry, Curnett, except during the weeks noted above had abdicated day-to-day care of the child to Goodwin. The trial court found that Curnett and Goodwin misled Perry as to the extent of Curnett's involvement and posted social media pictures showing Curnett's involvement with the child.

On May 4, 2018, one year and two weeks after the date the child came to Kentucky, Goodwin filed a petition seeking to be named de facto custodian of the child. Curnett, although named in the petition, has not participated in this action. Perry answered and moved for temporary custody of the child. Following a hearing, the trial court granted temporary custody of the child to Perry, and the child was returned to his care. The trial court then conducted another hearing, made extensive findings of fact and conclusion of law, and denied Goodwin's request for de facto custodian status. Goodwin appealed, specifically challenging the following Findings/Conclusions of the trial court:

3

30. [Goodwin] has not been the primary caregiver of the child for a period in excess of one (1) year prior to filing her petition.

36. Here, [Goodwin] has failed to prove by clear and convincing evidence that she was the both the primary caregiver for and financial supporter of the child for a continuous period of one (1) year as of the date of filing her Petition. The evidence established that [Curnett] resided in the home throughout almost the entirety of the one (1) year period and provided some care to the child during that period. Further, she resided with the child full time for a few weeks following the child's arrival in Kentucky on April 22, 2017[,] and for several weeks before and after the start of school in August 2017. The Court finds that, at least as to those periods, [Curnett] provided care to the child alongside [Goodwin] and [Goodwin] has failed to prove otherwise by clear and convincing evidence. Once those periods are removed from the period between the date of arrival (April 22, 2017) and the date of filing (May 4, 2018), [Goodwin] fails short of the one (1) year period required by [KRS] 403.270(1)(a).

38. [Perry] has demonstrated that the child remained in [Goodwin's] care because of misleading information and communications from [Goodwin]. [Goodwin] led [Perry] to believe that the child was in the care of her mother. Had [Perry] known that he had been misled and had he realized that [Curnett] was not caring for the child, he would have immediately regained physical custody of the child. However, because no custody orders existed between [Curnett] and [Perry], [Perry] understood that he and [Curnett] had equal standing as to the child and he believed he could not forcibly remove the child from what he had been led to believe was [Curnett's] care. Once he realized that the child was in [Goodwin's] care, he immediately attempted to take physical custody of the child.

Upon Goodwin's appeal, the Court of Appeals reversed the decision of the trial court holding that the trial court clearly erred in concluding that Goodwin had failed to meet her burden of proof. We granted Perry's petition for discretionary review.

## II. Standard of Review.

"A trial court's findings of fact in a domestic matter can only be set aside by a reviewing court if those findings are clearly erroneous." *Mullins v. Picklesimer*, 317 S.W.3d 569, 581 (Ky. 2010) (citing *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986); CR[3] 52.01). "To determine whether findings are clearly erroneous, reviewing courts must focus on whether those findings are supported by substantial evidence." *Mullins*, 317 S.W.3d at 381 (citing *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003)). "[D]ue regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR 52.01. Furthermore, a reviewing court is not to substitute findings of fact for those of the trial court. *Bennett v. Horton*, 592 S.W.2d 460, 464 (Ky. 1979) (citation omitted).

## III. Analysis.

The parties address much of their respective arguments to a parent's superior right to custody, whether a custodian may achieve de facto custodian status through deception, whether the principle of estoppel applies, and whether these issues were preserved.[4] Our analysis, however, proceeds along a much simpler basis. The trial court ruled that a party may not achieve de facto custodian status for any period during which the purported custodian shares

---

[3] Kentucky Rules of Civil Procedure.

[4] We acknowledge that equitable principles of waiver and estoppel have been applied to child custody cases. *See, e.g., Moore*, 110 S.W.3d 336, 361–63 (applying waiver to child custody action); *S.R.D. v. T.L.B.*, 174 S.W.3d 502, 511 (Ky. App. 2005) (applying estoppel to child custody action). Because we resolve this matter on the basis that Goodwin had not satisfied the requisite time period required to achieve de facto custodian status, we do not address the equitable claims raised by the parties.

5

caregiving or financial support duties with a biological parent. *See Consalvi v. Cawood*, 63 S.W.3d 195, 198 (Ky. App. 2001) *abrogated on other grounds by Moore*, 110 S.W.3d 336 (the *Consalvi* court stated "[i]t is not enough that a person provide for a child alongside the natural parent; the statute is clear that one must literally stand in the place of the natural parent to qualify as a de facto custodian[]"). This Court noted in *Mullins* that "parenting the child alongside the natural parent does not meet the de facto custodian standard in KRS 403.270(1)(a)." 317 S.W.3d at 574 (citation omitted). Even if a non-parent provides care and/or financial support for a child; if such care and support is in conjunction with a natural parent, the non-parent will not qualify as a de facto custodian. *Boone v. Ballinger*, 228 S.W.3d 1, 7–8 (Ky. App. 2007); *see also Chadwick v. Flora*, 488 S.W.3d 640, 644 (Ky. App. 2016) (holding that "a grandparent who co-parents a child with the natural mother or father does not make the grandparent the primary caregiver[]"); *Brumfield v. Stinson*, 368 S.W.3d 116, 119 (Ky. App. 2012) (trial court's findings established that "parties had engaged in a kind of 'co-parenting' arrangement on and off since [child's] birth. Although the Stinsons were undoubtedly caregivers, they did not—in the language of *Consalvi*—literally stand in the place of Brumfield, the natural parent[]"). We also recently held that the periods set out in KRS 403.270(1) must be continuous, such that if an interruption occurs in the requisite period, the period begins anew. *Meinders v. Middleton*, 572 S.W.3d 52, 56–57 (Ky. 2019). In other words, separate periods cannot be aggregated to meet, in this case, the one-year period.

The trial court made extensive findings regarding the care arrangements with respect to the child. The Court of Appeals strayed from the appropriate standard of review, essentially substituting its own judgment for that of the trial court. The evidence, however, was undisputed that Curnett physically resided at the Goodwin residence with the child at the start of the school year in August 2017. During that period, Goodwin and Curnett shared caregiving responsibilities for the child. Even assuming all requisites of KRS 403.270(1)(a) were met by Goodwin after that time, the time period began anew sometime after Curnett ceased her child care duties in August/September 2017. As the Petition in this case was filed on May 4, 2018, the one-year time period was not satisfied.

## IV. Conclusion.

Based on the foregoing, the Court of Appeals' opinion is reversed, and the Boone Circuit Court's Order denying Goodwin's Petition for De Facto Custodianship is reinstated.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter, and Wright, JJ., sitting.

All concur. Nickell, J., not sitting.

COUNSEL FOR APPELLANT:

Randy Jay Blankenship
BLANKENSHIP, MASSEY & ASSOCIATES, PLLC

COUNSEL FOR APPELLEE, LEAH NICOLE GOODWIN:

Matthew Daniel Dusing
LAW OFFICES OF SHANNON C. SMIT

7

COUNSEL FOR APPELLEE, CAITLYN MANON CURNETT:

Not Represented by Counsel