RENDERED: JANUARY 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0009-MR

JOSHUA KING                                                                  APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE DERWIN L. WEBB, JUDGE
ACTION NO. 16-CI-503995


STEPHIE KING                                                                 APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Joshua King ("Appellant") appeals from orders of the

Jefferson Circuit Court establishing child support in favor of his former wife

Stephie King ("Appellee"). Appellant argues that the circuit court erred in failing

to properly apply the child support modification statute, Kentucky Revised Statutes

("KRS") 403.213, to Appellee's motion for child support. As the child support

modification statute was neither pleaded by Appellant nor relied upon by the Jefferson Circuit Court in modifying the prior child support agreement entered into by the parties, we reverse and remand the order of child support with instructions to consider Appellee's motion pursuant to KRS 403.213.

## FACTS AND PROCEDURAL HISTORY

Appellant and Appellee were divorced by way of a decree of dissolution of marriage entered in September 2017. The decree incorporated by reference the parties' separation agreement, which provided that neither party was required to pay child support.

On July 26, 2019, Appellee filed a motion in Jefferson Circuit Court seeking child support. In support of the motion, Appellee cited KRS 403.160 (action for temporary child support). A hearing on the motion was conducted on February 16, 2020, resulting in an order entered on March 11, 2020, establishing a child support obligation in favor of Appellee in the amount of $471.00 per month. The amount of the support was based on Appellant's monthly income of $6,965.00 and Appellee's income of $4,167.00.

Thereafter, Appellant filed a motion to alter, amend, or vacate the child support order. He argued that the circuit court improperly failed to impute income to Appellee, to explain its deviation from the child support guidelines based on equal parenting time, and to properly account for Appellant's payment of

child care, health insurance, and extracurricular expenses for the children. The court sustained the motion on April 30, 2020. It reduced Appellant's child support obligation to $24 per month by imputing income to Appellee. Prior to her motion for child support, Appellee earned approximately $50,000 per year as a paralegal. She left that position and later accepted a job as a restaurant server at a substantially reduced income, though she testified that she was looking for work as a paralegal or teacher's aide. In fixing Appellant's child support obligation at $24 per month, the circuit court imputed to Appellee her paralegal salary based on her failure to utilize her education and experience. The court also corrected the prior order to reflect that Appellant alone, rather than the parties jointly, was paying the children's healthcare and other expenses.

A series of pleadings and orders followed resulting from Appellee's attempt to vacate the April 30, 2020 order reducing Appellant's child support obligation. The circuit court would later characterize the parties' pleadings on this issue as "procedurally confusing."[1] Appellee asserted that she had applied for several paralegal positions in her geographic area but was unable to secure employment in that field. Persuaded by Appellee's testimony, and taking into account Appellant's payment of the children's healthcare and child care costs, the court re-calculated Appellant's child support obligation using "the Craig Ross

---

[1] Order entered November 23, 2020.

program." The court determined that the resulting child support "was very similar to the child support ordered in the Order entered March 11, 2020." The court sustained Appellee's motion to set aside the order of April 30, 2020, and reinstated the order of March 11, 2020, fixing Appellant's child support obligation at $471.00 per month. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court committed reversible error in modifying child support without applying the mandatory provisions of the child support modification statute, KRS 403.213. He notes that the parties' separation agreement provided that neither party was required to pay child support, and that the agreement was expressly incorporated into the decree of dissolution. The decree, he argues, thus constituted a child support order. As such, Appellant asserts that Appellee's motion to establish child support should have been pleaded and adjudicated as a motion to modify child support.

Appellant directs our attention to KRS 403.213(1), which provides that modification of child support may be made "only upon a showing of a material change in circumstances that is substantial and continuing." Appellant argues that the circuit court improperly modified child support without referencing KRS 403.213 nor finding a material change in circumstances that is substantial and continuing. He asserts that the statutes relied on by Appellee and the circuit court,

KRS 403.160 (temporary child support) and KRS 403.212 (child support guidelines), are not applicable to an action to modify child support. Accordingly, he argues that the child support order on appeal should be vacated.

In response, Appellee asserts that Appellant failed to raise this argument before the circuit court and failed to comply with Kentucky Rules of Civil Procedure ("CR") 76.12(4)(c)(v), which requires a statement at the beginning of the argument showing whether the issue was preserved and, if so, in what manner. Appellee contends that because Appellant's argument is not preserved for appellate review, we may review his argument only for manifest injustice pursuant to CR 61.02 and the supportive case law. In the alternative, Appellee argues that even if we review the circuit court's award of child support for error, the court's failure to reference KRS 403.213 is harmless because the record demonstrates that Appellee underwent a continuing change in circumstances sufficient to support the modification of child support.

CR 76.12(4)(c)(v) requires

> [a]n "ARGUMENT" conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

Appellant's ARGUMENT section of the brief does not contain a statement at the beginning with reference to the record showing whether each issue was properly preserved for review and, if so, in what manner.

"A brief may be stricken for failure to comply with any substantial requirement of this Rule 76.12." CR 76.12(8)(a). The rule requiring a statement of the case consisting of a chronological summary of the facts and procedural events is a substantial requirement of CR 76.12 encompassed by CR 76.12(8)(a).

CR 73.02(2)(a) and (b) also allow for striking a brief and dismissing an appeal based on the failure to comply with rules relating to appeals. *See Hallis v. Hallis*, 328 S.W.3d 694 (Ky. App. 2010), for the reasons why compliance with the briefing rules is not merely a convenience to the court, but is a necessity for carrying out the ends of justice.

> If a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as unpreserved. Appellate courts review unpreserved claims of error on direct appeal only for palpable error. To prevail, one must show that the error resulted in "manifest injustice." RCr 10.26 provides . . . [that a] palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

*Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021) (internal quotation marks and citation omitted).

Child support is a statutory creation intended to benefit the children rather than the adults. *Smothers v. Baptist Hospital East*, 468 S.W.3d 878, 884 (Ky. App. 2015) (citation omitted). As such, we will review the issues presented for manifest injustice rather than striking the brief and dismissing the appeal. As the applicability of KRS 403.213 was not raised below and was not preserved for appellate review, and in accordance with *Ford*, *supra*, the question before us is this: did the Jefferson Circuit Court's award of child support, without reference to KRS 403.213, and with no express finding of a substantial and continuing change in circumstances, constitute manifest injustice? We must answer this question in the affirmative.

The facts before us parallel those in *Martin v. Cabinet for Health and Family Services*, 583 S.W.3d 12 (Ky. App. 2019). In *Martin*, as in the matter before us, the divorcing parents entered into a separation agreement providing that neither party was required to pay child support. That agreement was incorporated into the decree.

Thereafter, the Cabinet (which was the assignee of the mother's right to seek child support) filed a post-decree motion for initial child support rather than modification of child support. The matter was pleaded and adjudicated as an initial award of child support rather than a modification of child support pursuant to KRS 403.213. The Cabinet was awarded child support on the mother's behalf.

On appeal, a panel of this Court found that the incorporation of the separation agreement into the decree constituted an award of child support – albeit in the amount of zero. As such, the panel determined that the Cabinet's subsequent effort to seek child support should have been pleaded and adjudicated pursuant to the child support modification statute, KRS 403.213. As the matter 1) was not pleaded nor adjudicated pursuant to KRS 403.213; 2) the circuit court made no finding of changed circumstances; and 3) there was no evidence of changed circumstances, the Court vacated the award of child support and dismissed the complaint without prejudice. *Martin*, *supra*.

As in *Martin*, the parties before us entered into a separation agreement providing that neither party was required to pay child support and the agreement was incorporated into the decree. Thus, any modification of that award must be brought pursuant to KRS 403.213. *Martin*, 583 S.W.3d at 18. Similarly, neither the Cabinet in *Martin* (acting on behalf of the mother), nor Appellee herein moved for modification pursuant to KRS 403.213. Unlike in *Martin*, however, the record before us does show some evidence of Appellee's changed circumstances, as she testified that her income was greatly reduced with the loss of her paralegal job and purported inability to acquire similar employment.

## CONCLUSION

Modification of child support, including modification of an order of no child support stemming from an incorporated separation agreement, must be pleaded and adjudicated pursuant to KRS 403.213. *Martin*, 583 S.W.3d at 18. Whereas the panel of this Court in *Martin* vacated the award and dismissed the action in part because there was no evidence of changed circumstances, Appellee herein did cite some evidence upon which the circuit court might reasonably find a substantial and continuing change in circumstances in conformity with KRS 403.213. Because some evidence of Appellee's changed circumstances is found in the record, we will reverse and remand rather than vacate and dismiss the child support order as in *Martin*. Whether Appellee had a substantial and continuing change in circumstances is a question of fact properly reserved for the circuit court. We conclude that an award modifying child support, without reference to KRS 403.213 nor the required finding of a substantial and continuing change in circumstances, constitutes manifest injustice. *Ford*, *supra*. Accordingly, we reverse the child support order of the Jefferson Circuit Court, and remand the matter for adjudication pursuant to KRS 403.213. Appellant's remaining arguments as to CR 59, CR 60, and the failure to make specific findings are moot.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Justin R. Key                           Michelle L. Eisenmenger
Jeffersonville, Indiana                 Louisville, Kentucky