RENDERED:  NOVEMBER 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0668-MR

RITA R. WHITE AND MARGARET
SUE PARIS                                                                                        APPELLANTS


                                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                               HONORABLE DEANA C. MCDONALD, JUDGE
                                           ACTION NO. 19-CI-503731


TIARA M. FOWLER AND PHILLIP
FOWLER                                                                                              APPELLEES



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND McNEILL, JUDGES.

DIXON, JUDGE:  Rita R. White and Margaret Sue Paris appeal the Jefferson

Family Court's order, entered March 23, 2021, denying them *de facto* custodian

status.  After careful review of the briefs, record, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Tiara and Phillip Fowler are the parents of J.F. and T.F., who are minor children. On December 16, 2019, White and Paris, the children's maternal grandmother and great-grandmother, respectively, filed a petition seeking custody, parenting time, and/or visitation. A hearing was held on February 19, 2021. Thereafter, on March 23, 2021, the court entered an order finding that White and Paris had not satisfied their burden of proof to be designated *de facto* custodians pursuant to KRS[1] 403.270(1). After their subsequent motion to alter, amend, or vacate the court's order pursuant to CR[2] 59.05 was denied, White and Paris timely brought this appeal.

## STANDARD OF REVIEW

We review a court's findings of fact under the clearly erroneous standard and will only reverse if the findings are not supported by substantial evidence. CR 52.01; *Black Motor Co. v. Greene*, 385 S.W.2d 954, 956 (Ky. 1964). We review the court's legal conclusions *de novo*. *Nash v. Campbell County Fiscal Court*, 345 S.W.3d 811, 816 (Ky. 2011).

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

**ANALYSIS**

As an initial matter, we will address whether the parties' respective briefs should be stricken. The Fowlers argue in their joint appellee brief that White and Paris's appellant brief should be stricken for failure to comply with CR 76.12(4)(v). CR 76.12(4)(v) requires that appellants begin their argument with "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." White and Paris's preservation statement does not include the required reference to the record.

White and Paris, in turn, filed a motion seeking to strike the Fowlers' appellee brief for their recitation of evidence that had been stricken by the court. Without conceding error, the Fowlers assert the court should ignore the alleged deficiency or, in the alternative, they request that the court strike only those offending portions, which amounts to the first four sentences on page four in their counterstatement of the case.

When a party fails to abide by the rules of civil procedure, we are permitted to ignore the deficiency, strike the brief in whole or part, or review the issues raised for manifest injustice. CR 76.12(8); *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990). Given the important nature of child custody cases, we are not inclined to strike either brief in its entirety; however, by separate order we GRANT

IN PART White and Paris's motion to strike and will disregard those portions of the Fowlers' brief referencing disqualified evidence from Kevin Strange.

We turn now to the merits of the appeal. KRS 403.270 (2018)[3] provides in pertinent part:

> (1)(a) As used in this chapter and KRS 405.020, . . . "de facto custodian" means a person who has been shown by clear and convincing evidence to have been the primary caregiver for, and financial supporter of, a child who has resided with the person for a period of six (6) months or more if the child is under three (3) years of age and for a period of one (1) year or more if the child is three (3) years of age or older[.]
>
> (b) . . . Once a court determines that a person meets the definition of de facto custodian, the court shall give the person the same standing in custody matters that is given to each parent under this section[.]

White and Paris raise various challenges to the court's findings of fact regarding the care and support of the children and assert the court erred in denying them *de facto* custodian status. Resolution of these issues requires us to review the evidence; however, because White and Paris did not file a designation, the record on appeal does not contain the video proceedings from the relevant hearing. As the appellants, it is incumbent on White and Paris to ensure that this Court receives a complete record. *Gambrel v. Gambrel*, 501 S.W.3d 900, 902 (Ky. App. 2016) (citing *Steel Techs., Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky.

---

[3] The statute was amended in 2021 after these proceedings commenced.

2007), *abrogated on other grounds by Osborne v. Keeney*, 399 S.W.3d 1 (Ky. 2012)). When the record is incomplete, we must assume the missing contents support the trial court's decision. *Smith v. Smith*, 450 S.W.3d 729, 732 (Ky. App. 2014); *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985). Accordingly, absent the video proceedings, we are required to conclude that the court did not err.

Next, White and Paris state the court erred in concluding that KRS 403.270 does not allow them to jointly qualify for *de facto* custodian status. However, White and Paris concede that the court did not expressly rule on this issue and admit the denial of *de facto* custodian status was predicated on the court's finding they jointly did not satisfy their burden of proof when Tiara Fowler consistently cared for and financially supported her children. Because we have determined the court's findings must be affirmed, this claim is consequently moot.

Finally, White and Paris argue the court applied an erroneous burden of proof. In support, they cite the court's statement that "[w]hile not specifically stated in the statute, it is presumed that parents fill the roles of primary caregiver and financial supporter. Thus, [White and Paris] have the burden of rebutting that presumption." White and Paris maintain that the court's statement is not supported by the law, demonstrates bias, and deprived them of a fair hearing. We disagree.

While we do not endorse the court's summation of the law, contrary to White and Paris's contention, it is not without support. In applying KRS 403.270, our courts have consistently recognized that parents have a superior, constitutionally protected right to the care, custody, and control of their children. *Brumfield v. Stinson*, 368 S.W.3d 116, 118 (Ky. App. 2012); *see also Stanley v. Illinois*, 405 U.S. 645, 651, 92 S. Ct. 1208, 1212-13, 31 L. Ed. 551 (1972). Attendant with these rights, we have recognized that the common law "imposes a duty of responsibility on parents for the care, nurture[,] and upbringing of their children." *Smothers v. Baptist Hospital East*, 468 S.W.3d 878, 883 (Ky. App. 2015). We have also held that before a purported *de facto* custodian is afforded the same standing as a parent, "the court must determine that the biological parent has abdicated the role of primary caregiver and financial supporter of the child for the required period of time. In other words, one must literally stand in the place of the natural parent to qualify as a de facto custodian." *Brumfield*, 368 S.W.3d at 118 (internal quotation marks and citations omitted). As the court's statement is consistent with these principles, we find no error.

Further, we do not perceive that the standard articulated by the court constitutes prejudice or bias as White and Paris's burden of proof remains unchanged. Moreover, as the court cited and applied the correct standard in the

underlying order on appeal, the challenged language only appearing in the order denying CR 59.05 relief, we conclude any error was harmless. CR 61.01.

## CONCLUSION

Therefore, and for the forgoing reasons, the order of the Jefferson Family Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Dean H. Sutton
Louisville, Kentucky

BRIEF FOR APPELLEES:

Allison S. Russell
Louisville, Kentucky

John H. Helmers, Jr.
Louisville, Kentucky