RENDERED: JULY 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1110-ME

WILLIAM DALE BUNGE                                          APPELLANT


APPEAL FROM FAYETTE CIRCUIT COURT
v.      HONORABLE LUCINDA CRONIN MASTERTON, JUDGE
ACTION NO. 22-D-00486-001


SUSAN MARIE SHARPE; ALUNA                                   APPELLEES
BUNGE; ANDREW SHARPE;
JORDAN SHARPE; OMZA BUNGE;
AND TORUS BUNGE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant William Bunge, *pro se*, appeals the Fayette Family

Court's August 16, 2022 domestic violence order (DVO). We affirm.

William and Appellee Susan Sharpe were in a long-term relationship.

They have three biological children together. Susan also has a biological son and

daughter from a prior relationship. On April 26, 2022, Susan's son told her he witnessed William performing oral sex on her daughter. The daughter confirmed this to her mother and revealed William had been pressuring her to have sex with him. Susan left with all the children and contacted the police. She filed her Petition for Order of Protection the next day.

At the August 16, 2022 hearing on the petition, Detective Collins testified as to the allegations against William. Susan also testified. Though William's counsel briefly cross-examined Susan and Detective Collins, he did not challenge the inclusion of all the children in the petition, called no witnesses, presented no argument, stated no objections, and otherwise did not attempt to preserve any issues for appeal.

The family court granted the DVO. As relevant to the present appeal, the DVO restrains William, for three years, from having any unauthorized contact with Susan and all five children, including by means of social media or through a third party, and requires William to remain five hundred feet away from them while the DVO is in place.

William now appeals, arguing the family court erred by including his own three biological children in the DVO, and seeks facilitated communication

and visitation with the children. He argues the family court did not grant the DVO upon a preponderance of the evidence as required by KRS[1] 403.740.

William filed his brief *pro se*. However, this fact does not preclude this Court from striking a deficient appellate brief. *See Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019). Our appellate rules exist for good reason: they are "lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination." *Louisville & Jefferson Cnty. Metro. Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky. 2007) (quoting *Brown v. Commonwealth*, 551 S.W.2d 557, 559 (Ky. 1977)).

The deficiencies in William's four-page brief are not minor. An appellate brief must include a statement of points and authorities listing each authority cited and on which page in the brief the authority is cited. CR[2] 76.12(4)(c)(iii) (now RAP[3] 32(A)(2)). It must also include a statement of the case, which summarizes its factual and procedural history with ample citation to the specific pages of the record supporting the summary. CR 76.12(4)(c)(iv) (now RAP 32(A)(3)). An appellate argument must include ample citation to both pertinent legal authority and, to demonstrate the issues argued have been

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Rules of Appellate Procedure.

preserved, to the appellate record. CR 76.12(4)(c)(v) (now RAP 32(A)(4)). William's brief is lacking in each of these respects and many others.

William does not request palpable error review. "Absent extreme circumstances amounting to a substantial miscarriage of justice, an appellate court will not engage in palpable error review pursuant to RCr[4] 10.26 unless such a request is made and briefed by the appellant." *Shepherd v. Commonwealth*, 251 S.W.3d 309, 316 (Ky. 2008). "The language of CR 61.02 is identical to its criminal law counterpart, RCr 10.26, and we interpret that language identically." *Nami Resources Company, L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323, 338 (Ky. 2018).

"Compliance with [the appellate rules] is mandatory." *Smothers v. Baptist Hospital East*, 468 S.W.3d 878, 881 (Ky. App. 2015) (citing *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010)). Still, "dismissal for failure to comply with the provisions of [the appellate rules] is discretionary rather than mandatory." *Simmons v. Commonwealth*, 232 S.W.3d 531, 533 (Ky. App. 2007) (citations omitted).

Because this case involves a question of a parent's constitutional right to raise his child, we will not strike the brief and dismiss the appeal although the deficiencies of William's brief make review more than difficult. However, we

---

[4] Kentucky Rules of Criminal Procedure.

have examined William's brief as best we can, given its limitations, and conclude there is no basis upon which to render any opinion other than one affirming the circuit court.

The family court considered the nature and severity of William's alleged actions and heard testimony that William believed he needed to commit suicide or disappear. William attempted to persuade Susan to forego police involvement by offering to have himself castrated. The Cabinet for Health and Family Service's prevention plan required that William have no contact with any of Susan's children, including William's own children. We detect no error in the family court's inclusion of all the children in the DVO.

Based on the foregoing, we affirm the Fayette Family Court's August 16, 2022 DVO.

ALL CONCUR.

BRIEFS FOR APPELLANT:

William D. Bunge, *pro se*
New Albany, Indiana

BRIEF FOR APPELLEE:

Nicole S. Bearse
Frankfort, Kentucky