**James R. YOCOM, Commissioner of Labor, etc., et al., Appellants,**

v.

**Clark JACKSON and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Dec. 7, 1973.

Gemma M. Harding, Supervisor Atty. for Sp. Fund, Dept. of Labor, Louisville, Robert D. Hawkins, Chief Counsel, Sp. Fund, Dept. of Labor, Frankfort, for appellants.

Charles R. Luker, London, for New Gregory & Brown Co.

J. Keller Whitaker, Dept. of Labor, Frankfort, Neville Smith, Manchester, for appellees.

VANCE, Commissioner.

We strike the appellant's brief for failure to comply with RCA 1.210(a) and dismiss this appeal.

The appellee, Clark Jackson, an underground miner, sustained a back injury on July 30, 1965. He settled his compensation claim for the back injury on the basis of permanent-partial disability of thirty-six percent.

In 1970 he claimed to have first discovered that he was afflicted with pneumoconiosis and filed a claim for compensation. There was some medical evidence that he was totally disabled in 1970 from pneumoconiosis. He was awarded total and permanent disability payments to be paid by the Special Fund with credit given for payments previously made. This award was affirmed on review and the Special Fund and employer each appeal.

The Special Fund and the employer jointly filed a single brief. It failed to comply with our rules in the following particulars:

(1) The table of contents and authorities did not set forth under the heading of "argument" each separate principle of law discussed as required by RCA 1.-210(a)(1).

(2) The statement of questions presented did not comply with RCA 1.210(a)(2).

(3) The statement of essential facts did not contain any page references to the transcript as required by RCA 1.-210(a)(3).

(4) The argument was not divided under subheadings into as many parts as there were questions stated as required by RCA 1.210(a)(4).

The questions presented were stated in the brief as follows:

"Was the Opinion and Award of the Workmen's Compensation Board of November 8, 1971, absolutely contrary to the evidence of record as well as the statutory and ruling case law in Kentucky? Was it an error of law for the Clay Circuit Court to affirm this erroneous Opinion of the Board?"

The statement of the questions presented on appeal is designed to assist the court. An understanding of "what the

issues are" is the beginning point of orderly consideration by a reviewing court. The broad form of the question presented here does nothing to focus attention to any specific claim of error. In every case the question could be phrased "is the judgment erroneous" but that is not what the rules envision.

Under the broad questions stated the appellants' brief embarks upon a discussion of whether the employee was exposed to the hazards of the disease continuously for at least two years prior to the *discovery* that he had silicosis.

Even if we were to consider this question properly raised it would be of no avail to appellants. Although their brief alleges that appellee's own testimony conclusively establishes the fact of nonexposure for two years prior to discovery of the disease, no citation of such testimony is made, the only citation being to a statement contained in the appellee's brief before the Board.

The point is further of no avail because KRS 342.316(4) relates to proof of exposure to the hazards of the disease continuously for two years prior to *disability,* not *discovery* of the disease.

As long ago as our decision in Hamilton v. Commonwealth, 230 Ky. 207, 18 S.W.2d 995 (1929), we said:

" 'The third objection raised in appellant's motion and grounds is the ruling of the court in the overruling and sustaining objection to evidence and in his admonition to the jury during the progress of the trial and upon this point we are asking the court to give this objection due consideration together with a reading of the record.'

"From our examination of this record, we have found 53 different rulings to which this may have been addressed. He surely does not expect us to extend this opinion to such length as to discuss all of these, and in his brief he has pointed out none of them in particular.

His brief merely amounts to an invitation to us to read this record and see if the court did not err in some of these particulars. We usually decline such invitations. See McCorkle v. Chapman, 181 Ky. 607, 205 S.W. 682. By subdivision 2 of rule 5 of this court, it is required that briefs shall refer to the page or pages where the matter complained of may be found, and when that is not done, there is perhaps no better way to induce attorneys to observe these rules than to disregard the matters not so pointed out."

 We think this injunction in *Hamilton* is sound. Appellants' brief should be stricken and the appeal dismissed. RCA 1.260(a) and (b). An order to that effect will issue.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.