GOODWINE, JUDGE:
Appellant, Matthew Koester ("Matthew"), appeals from a Hardin Family Court order awarding Appellee, Mandy Koester ("Mandy"), $1,270.52 for damages to a 2007 Mazda 6. Matthew appeals the trial court's finding that he damaged the 2007 Mazda in such a way that justified its ruling for him to pay 1/3 of the cost to repair/service the car. After a careful review, we dismiss Matthew's appeal for non-compliance with briefing requirements.
ANALYSIS
There are rules and guidelines for filing appellate briefs. See CR[1] 76.12. Appellants must follow these rules and guidelines, or risk their brief being stricken, and appeal dismissed, by the appellate court. CR 76.12(8)(a) ("A brief may be stricken for failure to comply with any substantial requirement of this Rule 76.12.").
In the case at hand, Matthew's brief deviates significantly from the format mandated by CR 76.12. It does not meet the requirements set out in parts (iii), (iv), and (v) of the statute. We note that "[c]ompliance with CR 76.12 is mandatory." Smothers v. Baptist Hosp. E. , 468 S.W.3d 878, 881-82 (Ky. App. 2015) (citing Hallis v. Hallis , 328 S.W.3d 694, 696 (Ky. App. 2010) ). Therefore, we bear no responsibility "to consider portions of the Appellants' brief not in conformity with CR 76.12, and may summarily affirm the trial court on the issues contained therein." Leamon v. Phillips , 423 S.W.3d 759, 762 (Ky. App. 2014) (citing Skaggs v. Assad, By and Through Assad , 712 S.W.2d 947 (Ky. 1986) ).
First, Matthew's brief does not comply with CR 76.12(4)(c)(iii) :
A "STATEMENT OF POINTS AND AUTHORITIES," which shall set forth, succinctly and in the order in which they are discussed in the body of the argument, the appellant's contentions with respect to each issue of law relied upon for a reversal, listing under each the authorities cited on that point and the respective pages of the brief on which the argument appears and on which the authorities are cited.
CR 76.12(4)(c)(iii). Matthew's "Statement of Points and Authorities" fails to: (1) list any authoritative basis for his arguments; and (2) "[list] the respective pages of the brief on which the argument appears and on which the authorities are cited." In this section, Matthew disregards the organizational requirements outlined by the rule[2] and lists no law argued within the body of his brief.
Second, Matthew's brief does not comply with CR 76.12(4)(c)(iv) :
A "STATEMENT OF THE CASE" consisting of a chronological summary of the facts and procedural events necessary to an understanding of the issues *414 presented by the appeal, with ample references to the specific pages of the record, or tape and digital counter number in the case of untranscribed videotape or audiotape recordings, or date and time in the case of all other untranscribed electronic recordings, supporting each of the statements narrated in the summary.
CR 76.12(4)(c)(iv). Matthew's "Statement of the Case" fails to cite or reference "specific pages of the record, or tape and digital counter number in the case of untranscribed videotape or audiotape recordings, or date and time in the case of all other untranscribed electronic recordings, supporting each of the statements narrated in the summary." In this, Matthew gives a full recitation of this case's procedural history but makes no attempt to catalog these facts through citation to the record.
Third, and most egregiously, Matthew's brief does not comply with CR 76.12(4)(c)(v) :
An "ARGUMENT" conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.
CR 76.12(4)(c)(v). While we may be able to overlook Matthew's previous errors, we cannot tolerate his total disregard of CR 76.12(4)(c)(v) and appellate procedure. His "Argument" does not contain "ample supportive references to the record[,]" "citations of authority pertinent to each issue of law[,]" nor "a statement with reference to the record showing whether the issue was properly preserved for review."
Matthew engages in nearly three pages of argument, without any reference to the record. In this, we will not undergo an expedition into this case's voluminous record to ensure Matthew's argument corresponds with it. On the contrary, our procedural rules "are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination." Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff , 248 S.W.3d 533, 536 (Ky. 2007) (quoting Brown v. Commonwealth , 551 S.W.2d 557, 559 (Ky. 1977) ). Therefore, an appellant's compliance with this rule allows us to undergo "meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal[,] [such as] what facts are important and where they can be found in the record...." Hallis , 328 S.W.3d at 696.
Furthermore, Matthew cites no controlling law or authority which correspond with his accusations. Assertions of error devoid of any controlling authority do not merit relief. See , e.g. , Harris v. Commonwealth , 384 S.W.3d 117, 131 (Ky. 2012).[3] Matthew's brief "lack[s] ample supportive references and citations of pertinent authority[,] [and, more egregiously,] generally lacks any references or authority whatsoever." Id. at 130.
Finally, Matthew's brief makes no "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). "It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court." Skaggs , 712 S.W.2d at 950 (citing *415 Combs v. Knott County Fiscal Court , 283 Ky. 456, 141 S.W.2d 859 (1940) ). It is not the function or responsibility of this court to scour the record on appeal to ensure that an issue has been preserved. Phelps v. Louisville Water Co. , 103 S.W.3d 46 (Ky. 2003). But rather, the Kentucky Rules of Civil Procedure require an attorney to cite to the record "where the claimed assignment of error was properly objected to or brought to the attention of the trial judge. This amendment is designed to save the appellate court the time of canvassing the record in order to determine if the claimed error was properly preserved for appeal." 7 Bertelsman and Phillips, Kentucky Practice , CR 76.12(4)(c)(iv), Comment 4 (4th ed. 1989).
In sum, while Matthew is a pro se litigant, that does not exempt him from the rules. He is bound by the same rules of appellate procedure as his opposing counsel and any other party before this court. And it is not as if Matthew did not have opportunity to correct these errors. In his reply brief, after being made aware of his noncompliance, he could have supplied this court with sufficient citations to the record and authorities-but he did not. On the contrary, he contends that he is a "personal litigant and the brief should be accepted on the merits of the facts of the argument in this case." Reply Brief of Appellant, p. 1. Therefore, we dismiss his appeal for non-compliance with CR 76.12. Elwell v. Stone , 799 S.W.2d 46 (Ky. App. 1990) ; Hallis , supra .
CONCLUSION
For the foregoing reasons, we: (1) strike Matthew's brief for noncompliance with CR 76.12 ; and (2) dismiss his appeal.
ALL CONCUR.

Kentucky Rules of Civil Procedure.

See Yocom v. Jackson , 502 S.W.2d 524, 525-27 (Ky. 1973). While not governed by CR 76.12 at that time, the Court struck Appellants' brief and dismissed its appeal for failure to comply with Supreme Court rules regarding briefs. The reason for dismissal included Appellant's failure to "set forth under the heading of 'argument' each separate principle of law" in the brief's table of contents and authorities Id. at 525.

"[Appellant] completely fails to provide any analysis, any arguments or any legal authority for why the trial court's alleged errors violate his state and federal constitutional rights. Instead, he simply makes a broad statement of error, and then leaves to this Court the task of determining, researching and making his arguments for him."