RENDERED:  APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0449-MR

BOWIE REFINED COAL, LLC                                          APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 18-CI-01022

COMMONWEALTH OF KENTUCKY,
ENERGY AND ENVIROMENT
CABINET                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, JONES, AND KRAMER, JUDGES.

GOODWINE, JUDGE:  Bowie Refined Coal, LLC, ("Bowie") sought judicial review of the final order of the Kentucky Energy and Environment Cabinet (the "Cabinet") revoking Bowie's surface mining permit.  The Franklin Circuit Court affirmed.  After careful review of the applicable law and administrative regulations, finding no error, we affirm.

## BACKGROUND

Bowie was the holder of a surface coal mining and reclamation operation permit located in Estill County, which allowed removal and reprocessing of coal and coal waste material, associated surface facilities, and reclamation operations. On February 23, 2018, the Cabinet filed an administrative show cause order under KRS[1] 350.028(4), KRS 350.465(3)(f), and 405 KAR[2] 12:020, Section 8. The show cause order was issued as a result of the Cabinet's determination that Bowie committed "a pattern violations of the requirements of KRS Chapter 350." Record (R.) at 13. The Cabinet recommended revocation of Bowie's permit, reclamation of the permitted area, and bond forfeiture.

The show cause order, administrative summons, and order scheduling an initial prehearing conference were all served on Bowie via certified mail, return receipt requested, via Bowie's corporate service agent. On March 26, 2018, the Office of Administrative Hearings received the return receipt signed by Linda Smith on behalf of Bowie. On May 15, 2018, the Cabinet filed a notice and motion to enter default judgment because Bowie failed to file a responsive pleading within 30 days. Bowie also failed to appear for the scheduled prehearing conference on May 21, 2018. During the prehearing conference, the Cabinet

---

[1] Kentucky Revised Statutes.

[2] Kentucky Administrative Regulations.

requested entry of a default judgment against Bowie for failing to answer the show cause order and recommended to the Secretary that Bowie's permit be revoked and the bonds related to the permit be forfeited.

The surety that provided financial assurance for the permit, Lexon Insurance Company ("Lexon"), appeared at the prehearing conference. Lexon requested the right to intervene to object to forfeiture of the bonds and revocation of the permit. Lexon stated it was working with the Cabinet to remedy the situation and requested more time to work out an agreement with the Cabinet. The hearing officer granted Lexon's motion to intervene and required Lexon to file an answer. The hearing officer also ordered the Cabinet to file an amended motion for default judgment addressing issues with the surety and ordered Lexon to respond to the amended motion. Finally, the hearing officer scheduled a hearing on the amended motion for default judgment for June 8, 2018.

On May 23, 2018, counsel for Bowie moved for leave to file a late answer. Bowie admitted it was properly served with the summons, but due to an oversight on Bowie's part, it failed to file a timely answer. Bowie argued Kentucky courts disfavor granting default judgments. On June 6, 2018, the Cabinet responded arguing Bowie's motion should be denied, since it was filed after the time to file an answer. The Cabinet further argued 400 KAR 1:110, Section 10 requires the hearing officer to recommend to the Secretary entry of a

final order granting the Cabinet's requested relief when the permittee fails to timely file an answer or appear at the administrative hearing. Bowie replied, arguing the hearing officer has discretion to extend the time for filing an answer past 30 days under 400 KAR 1:090, Section 4(2)(a), and Kentucky courts favor rendering judgments based upon the merits of a case.

The Cabinet renewed its motion for default judgment against Bowie, arguing a default judgment should be entered against Bowie under 400 KAR 1:110, Section 10(5) because Bowie did not file a timely answer or attend the prehearing conference. The Cabinet further argued it was not required to provide notice to the surety for a show cause order to be issued to the permittee, and it can request a bond forfeiture in a pattern of violation case. Bowie objected, arguing default judgments are disfavored in Kentucky, and a bond forfeiture on a show cause proceeding is not appropriate under KRS 350.028(4) and 400 KAR 1:110 Section 5. Bowie further argued 405 KAR 1:050 Section 2(1)(a) requires notice to the surety in any bond forfeiture proceeding.[3] Lexon responded, arguing the Cabinet was not entitled to default judgment because it did not provide notice to the surety under 405 KAR 1:050 Section 2(1)(a), KRS 350.465, and KRS Chapter

---

[3] This regulation was repealed effective October 5, 2018 but was applicable during the proceedings below.

350's mandate to maintain consistency with the Federal Surface Mine Control and Reclamation Act.

On June 8, 2018, the hearing officer heard the Cabinet's motion for default judgment and Bowie's motion for leave to file a late answer. During the hearing, the Cabinet and Lexon stated they were working to resolve the bond forfeiture issue. Lexon stated it would take no position on the Cabinet's motion for default judgment on the remaining claims of permit revocation and reclamation based on the understanding the Cabinet would withdraw its request for bond forfeiture.

As to Bowie's motion for leave to file a late answer, Bowie was unable to provide any explanation beyond a mere oversight as stated in its motion. The Cabinet argued the motion should be denied since Bowie failed to show excusable neglect for its failure to file an answer. Bowie then requested additional time to file supplemental briefs on excusable neglect. The Cabinet argued Bowie should not be given another opportunity to provide additional reasons after the hearing and should have presented its basis for excusable neglect in its motion to file a late answer. The hearing officer did not specifically rule on Bowie's request for more time to show excusable neglect and instead addressed the motion in the hearing officer's report and recommended Secretary's order.

On July 27, 2018, the Cabinet submitted to the hearing officer an agreed order dismissing without prejudice the bond forfeiture request. The hearing officer signed the agreed order and submitted it to the Secretary for signature. On August 2, 2018, the Secretary signed and entered the agreed order into the record.

On August 6, 2018, the hearing officer entered her report and recommended Secretary's order. The hearing officer found "Bowie failed to identify any facts that could be considered excusable neglect or a reasonable excuse in failing to file an Answer within thirty days of service" and thus, "failed to meet the legal standard for obtaining an extension to file a late Answer." R. at 23. Based on this finding, the hearing officer recommended the Secretary deny Bowie's motion for leave to file late answer. The hearing officer further recommended granting the Cabinet's motion for default judgment. The hearing officer recommended the Secretary find a pattern of violations existed as to the permitted area and recommended revocation of Bowie's permit and immediate commencement of reclamation of the permitted area.

On September 14, 2018, the Secretary adopted the hearing officer's report and recommended Secretary's order.

Bowie then filed a complaint with the Franklin Circuit Court requesting judicial review and vacation of the Cabinet's final order. Bowie and the Cabinet filed cross-motions for summary judgment. After hearing oral arguments,

the circuit court took the matter under advisement.  On January 13, 2020, the circuit court entered an opinion and order affirming the Secretary's final order.  The circuit court opined Bowie failed to establish a reasonable excuse for its failure to timely respond to the show cause order and failed to present the circuit court with any reasonable explanation for its failure to comply with relevant administrative regulations.  The circuit court further found the Cabinet's findings were supported by substantial evidence, and the Cabinet applied the correct rule of law.  Following the denial of its CR[4] 59.05 motion, Bowie filed this appeal.[5]

## ANALYSIS

Before we reach the merits of Bowie's arguments on appeal, we must address the deficiencies in its brief.  The Cabinet points out that Bowie's brief lacks a preservation statement citing to the record on appeal where the issues it raises were properly preserved for appeal in violation of CR 76.12(4)(c)(v).  Additionally, Bowie's brief does not include the February 27, 2020 order as required by CR 76.12(4)(c)(vii).[6]  "There are rules and guidelines for filing appellate briefs.  Appellants must follow these rules and guidelines, or risk their brief being stricken, and appeal dismissed, by the appellate court."  *Koester v.*

---

[4] Kentucky Rules of Civil Procedure.

[5] We note that Lexon is not a party to this appeal.

[6] Bowie attached the order to its Notice of Appeal and attached the Franklin Circuit Court's January 13, 2020 opinion and order to its brief.

-7-

*Koester*, 569 S.W.3d 412, 413 (Ky. App. 2019) (citing CR 76.12). "A brief may be stricken for failure to comply with any substantial requirement" of the appellate rules for briefing. CR 76.12(8)(a). In this case, we have elected not to strike Bowie's brief. The record is approximately 359 pages, and the citations provided throughout the briefs have allowed us to conduct a meaningful review. However, counsel is reminded that "[i]t is not the function or responsibility of this court to scour the record on appeal to ensure that an issue has been preserved." *Koester*, 569 S.W.3d at 415 (citing *Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003)). Other panels may not exercise such leniency should counsel fail to follow the briefing requirements in future appeals.

On appeal, Bowie argues the circuit court erred in: (1) affirming the Secretary's denial of its motion for leave to file a late answer, and (2) affirming the default judgment because Lexon, the surety, remained a party in the case. "The purpose of judicial review of an appeal from an administrative agency is to ensure that the agency did not act arbitrarily. If . . . the agency applied the correct rule of law to the facts supported by substantial evidence, the final order of the agency must be affirmed." *Commonwealth, Energy and Environment Cabinet v. Spurlock*, 308 S.W.3d 221, 223 (Ky. App. 2010) (citations omitted). Thus, we review *de novo*. *Id.*

First, Bowie argues the circuit court erred in affirming the Secretary's denial of his motion to file a late answer. Our review involves the interpretation of and relationship between two administrative regulations. "[A]n agency's interpretation of its own regulations is controlling unless it is 'plainly erroneous or inconsistent with the regulation.'" *Tibbs v. Bunnell*, 448 S.W.3d 796, 804-05 (Ky. 2014) (quoting *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997)). Title 400 of the Kentucky Administrative Regulations contains the Energy and Environment Cabinet's regulations. Chapter 1 contains the Cabinet's rules for administration. 400 KAR 1:090 contains administrative hearings practice provisions. Section 4(2)(a) of that regulation sets forth the general procedure for a hearing officer to determine whether to grant an extension of time to file a pleading. 400 KAR 1:110 sets forth procedures for administrative hearings specific to matters brought under KRS Chapter 350 or KRS 351.310 through KRS 351.375. Section 10(5) of that regulation sets forth the procedure for entry of a default judgment when a permittee fails to file a timely answer or appear at the administrative hearing.

400 KAR 1:090, Section 4(2)(a) provides:

A motion for an extension of time shall be filed within the time allowed for filing the pleading. The hearing officer, upon cause shown, may order the period extended. If the motion is made after the expiration of the time allowed for filing the pleading, the hearing

officer may order the period extended if the failure to act was the result of excusable neglect.

400 KAR 1:110, Section 10(5) provides:

If the permittee fails to timely file an answer or appear at the administrative hearing, the permittee shall be deemed to have waived the right to an administrative hearing and the hearing officer shall recommend to the secretary the entry of a final order containing the following:

(a) That each violation listed in the show cause order occurred;

(b) That the violations were caused by the permittee's unwarranted failure or were willfully caused;

(c) That a pattern of violations exists; and

(d) That the permit shall be suspended or revoked in accordance with the recommendation contained in the show cause order.

It is unclear whether the Cabinet intended for 400 KAR 1:110, which specifically applies to claims under KRS Chapter 350, to supersede the more general 400 KAR 1:090. However, in this instance, application of both regulations requires us to affirm the circuit court's opinion and order affirming the Secretary's final order.

400 KAR 1:110, Section 10(5) plainly states that failure to timely file an answer or appear at the prehearing conference amounts to a waiver of an administrative hearing, and inclusion of "shall" requires the hearing officer to recommend to the Secretary an entry of a final order against the permittee. Based

on our review of the record and 400 KAR 1:110, Section 10(5), the hearing officer was clearly required to recommend to the Secretary entry of default judgment against Bowie for its failure to timely answer or attend the prehearing conference.

However, 400 KAR 1:090, Section 4(2)(a) is more lenient. It allows the hearing officer to grant a permittee more time to file a pleading, even when the time to file the pleading has expired, if the permittee can show excusable neglect for its failure to act. 400 KAR Chapter 1 does not include a definition of "excusable neglect." Black's Law Dictionary generally defines "excusable neglect" as follows:

> A failure — which the law will excuse — to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.

*Neglect*, BLACK'S LAW DICTIONARY (11th ed. 2019). Additionally, we must rely on the hearing officer's interpretation of "excusable neglect" under 400 KAR 1:090, Section 4(2)(a) unless it is plainly erroneous or inconsistent with the regulation.

In its motion for leave to file a late answer, Bowie alleged it failed to act due to a mere oversight. The hearing officer determined Bowie's oversight did not amount to excusable neglect. Given the general definition of excusable

neglect, it was reasonable for the hearing officer to determine that Bowie's oversight amounted to carelessness or inattention and did not equate to excusable neglect.

Bowie further argues the hearing officer and/or the circuit court should have granted it more time to show excusable neglect. Bowie cites to one unpublished case to support its argument that it should have been granted more time to show excusable neglect, but that case involved a motion to file a late answer under CR 6.02.[7] 400 KAR 1:090, Section 4(2)(a) does not contain any language regarding granting more time to show excusable neglect. Bowie cites to no authority requiring a hearing officer or circuit court, in the context of administrative procedures, to grant a permittee more time to show excusable neglect. Bowie had the opportunity to do so in its motion or at the hearing on the motion and failed to do so.

Even if Bowie had shown excusable neglect or had been granted more time to do so, 400 KAR 1:090, Section 4(2)(a) states the "hearing officer *may* order the period extended." (Emphasis added.) The language of the regulation gives the hearing officer discretion to grant or deny a motion for an extension of time even if the permittee shows excusable neglect. Thus, based on our review of

---

[7] *Ferrell v. Liberty Mutual Fire Insurance*, No. 2014-CA-000281-MR, 2015 WL 4598340 (Ky. App. Jul. 31, 2015).

the facts and applicable administrative regulations, the circuit court did not err in affirming the secretary's denial of Bowie's motion for leave to file a late answer.

Second, Bowie argues Lexon's presence in the matter should defeat default judgment. Bowie's argument is based on a footnote from a Supreme Court of Kentucky Opinion. The footnote provides that when there are multiple defendants, one is in default, and another defendant asserts a defense against the same claim, a judgment cannot be rendered against any defendant until the meritorious defense is disposed of. *Ellington v. Becraft*, 534 S.W.3d 785, 791 n.1 (Ky. 2017).

In response, the Cabinet contends 400 KAR 1:110, Section 10(5) is dispositive of this issue instead of the case cited by Bowie. The Cabinet argues the presence of a surety in this case cannot supersede the requirements of 400 KAR 1:110, Section 10(5). The regulation does not mention any party except the permittee, and the only relevant consideration is whether the permittee timely answered or appeared for the prehearing conference. The Cabinet further argues Lexon's presence in the case when the hearing officer recommended default judgment against Bowie is immaterial because the regulation required the hearing officer to do so when Bowie failed to timely answer. We agree with the Cabinet that the plain language of 400 KAR 1:110, Section 10(5) requires a hearing officer to recommend the Secretary enter a default judgment against a permittee for failure

to answer within thirty days or attend the prehearing conference without regard to the presence of other parties in an action.

Even if the regulation does not override general civil case law on the issue, the hearing officer did not err in granting default judgment. Although Lexon initially moved to intervene on the issues of bond forfeiture and permit revocation, it ultimately only disputed the Cabinet's bond forfeiture request. That issue was disposed of via an agreed order dismissing the claim without prejudice prior to the denial of Bowie's motion for leave to file a late answer and prior to entry of the default judgment against Bowie. Lexon ultimately did not take a position on the remaining claims of permit revocation and reclamation of the permitted area, so even if *Ellington* applies in this instance, the hearing officer was presented with no meritorious defenses on those two claims by either Lexon or Bowie that the hearing officer was required to address before making her recommendation. Thus, the circuit court did not err in affirming the Secretary's entry of default judgment against Bowie.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Franklin Circuit Court.

ALL CONCUR.

-14-

BRIEFS FOR APPELLANT:

Billy R. Shelton
Jordan W. Morgan
Lexington, Kentucky

BRIEF FOR APPELLEE:

Carl Williams
Frankfort, Kentucky