RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0073-MR

DARRYL WILLET AND ADAM                                     APPELLANTS
ASHCRAFT

v.          APPEAL FROM KENTON CIRCUIT COURT
            HONORABLE GREGORY M. BARTLETT, JUDGE
            ACTION NO. 20-CI-00059 AND 20-CI-00068

SANITATION DISTRICT NO. 1 AND                              APPELLEES
THE CITY OF ERLANGER

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE: COMBS, EASTON, AND McNEILL, JUDGES.

EASTON, JUDGE: Darryl Willet ("Willet") and Adam Ashcraft ("Ashcraft")

appeal from a decision of the Kenton Circuit Court granting summary judgment to

Sanitation District No. 1 ("SD1") and the City of Erlanger ("Erlanger"). We strike

Appellants' brief due to the brief's multiple and substantial failures to comply with

appellate briefing rules. Consequently, we dismiss this appeal.

The essential facts appear to be uncontested. The basements of Willet's and Ashcraft's respective homes in Erlanger, Kentucky flooded after a heavy downpour, which occurred on July 15, 2019. No one disputes the torrential nature of the downpour. It was described as the average of thirty days of rain falling in the span of two hours. Photographs confirm the unusual nature of the rainfall.

Both Willet and Ashcraft sued Erlanger and SD1. SD1 manages the flow of stormwater in Erlanger. The two cases were consolidated. The Kenton Circuit Court eventually granted summary judgment to both Erlanger and SD1.

As to SD1, the court concluded that it could not be liable because its decision to not upgrade the stormwater system serving Willet and Ashcraft's homes was a discretionary decision involving allocation of its resources to address stormwater problems. *See* Kentucky Revised Statutes ("KRS") 65.2003(3)(d) (providing that a local government is not liable "when in the face of competing demands, the local government determines whether and how to utilize . . . existing resources"). As to Erlanger, the court found that Willet and Ashcraft had not presented evidence that Erlanger "should have known about the flooding, had a duty to remediate against massive storms with above average rainfall, or to pay for damages resulting from such a storm." Record ("R.") at 268-69. Willet and Ashcraft then filed this appeal, naming SD1 and Erlanger as appellees.

Appellants submitted their brief prior to January 1, 2023, when the Kentucky Rules of Appellate Procedure ("RAP") took effect. However, the brief is materially deficient in three main aspects under both the new RAP and the now-repealed Kentucky Rule of Civil Procedure ("CR") 76.12, which governed appellate briefs prior to RAP becoming effective. Also, Appellants failed to submit a reply brief, which could have helped rectify the deficiencies in their opening brief. *See Commonwealth v. Roth*, 567 S.W.3d 591, 595 (Ky. 2019).

First, the argument section of Appellants' brief does not contain any preservation statements. Former "CR 76.12(4)(c)(v) require[d] that the appellant's brief 'shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.'" *Hamburger v. Plemmons*, 654 S.W.3d 99, 101 (Ky. App. 2022) (quoting former CR 76.12(4)(c)(v)). RAP 32(A)(4) contains identical language.

Preservation statements are crucial, and mandatory, because they allow us to "be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or . . . whether palpable error review is being requested and may be granted." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). An appellant runs a strong risk of incurring sanctions by failing to provide preservation statements because "[i]t is not the function or responsibility

of this court to scour the record on appeal to ensure that an issue has been preserved." *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019).

Second, Appellants' brief fails to contain **_any_** citations to the record. CR 76.12 required Appellants to provide "ample" citations to the trial court record in their brief's statement of the case section, CR 76.12(4)(c)(iv), and the argument section. CR 76.12(4)(c)(v). RAP 32(A)(3)-(4) now contain the same "ample" citations to the record requirements. Although "ample" is not defined in the rules, we have explained that it means that references to the record should "permeate" the brief. *Clark v. Workman*, 604 S.W.3d 616, 619 (Ky. App. 2020). Obviously, Appellants' failure to provide any citations to the record wholly fails to satisfy CR 76.12 or RAP 32.

Our Supreme Court has emphasized at length the crucial importance of providing an appellate court with sufficient citations to the record, and the potentially severe consequences for failing to do so, as follows:

> It is fundamental that it is an Appellant's duty and obligation to provide citations to the record regarding the location of the evidence and testimony upon which he relies to support his position, and if an appellant fails to do so, we will accordingly not address it on the merits. . . . Our rules requiring pinpoint citation to the record ensure that we base our decisions upon our own review of the record to establish the basis for factual assertions. A brief may be stricken for failure to comply with any substantial requirement of this Rule 76.12. Supporting factual assertions with pinpoint citations may, in fact, be the most substantial requirement

of CR 76.12.  Without pinpoint citations to the record, a court must sift through a record to [find] the basis for a claim for relief.  **Expeditious relief would cease to exist without this requirement**.

*Roth*, 567 S.W.3d at 594-95 (emphasis added) (internal quotation marks, citations, footnotes, and paragraph breaks omitted).

Third, other than a fleeting citation to a section of Erlanger's ordinances, Appellants' brief fails to contain ***any*** citations to relevant authority.  The Erlanger ordinance was not in the trial court record.  It was attached as an appendix to the Appellants' brief.  Former CR 76.12(c)(v) required the argument section of an Appellant's brief to contain "citations of authority pertinent to each issue of law . . . ."  RAP 32(A)(4) contains identical language.  An appellant who fails to cite to relevant authority in his or her brief has failed to make even a rudimentary, baseline showing of an entitlement to relief.  *See, e.g.*, *Koester*, 569 S.W.3d at 414 ("Assertions of error devoid of any controlling authority do not merit relief."); *Schell v. Young*, 640 S.W.3d 24, 32 (Ky. App. 2021) (holding that "a terse, conclusory assertion wholly unaccompanied by meaningfully developed argument or citation to authority is insufficient to merit appellate relief").

Here, it is beyond reasonable debate that Appellants' brief is persistently, materially deficient under the former CR 76.12 and under the new RAP.  The argument section of the brief consists of a single paragraph in which the Erlanger ordinance is mentioned as governing "determinantal" or "determinatal"

drainage. The correct word is "detrimental." As we have held, "a terse, conclusory assertion wholly unaccompanied by meaningfully developed argument" simply "is insufficient to merit appellate relief." *Schell*, 640 S.W.3d at 32.

The argument section of Appellants' brief is woefully underdeveloped. For example, we perceive Appellants as trying to argue that Erlanger is an indispensable party. The relevance of that argument is puzzling. "[A]n indispensable party is defined as a party whose absence prevents the Court from granting complete relief among those already parties." *Browning v. Preece*, 392 S.W.3d 388, 391 (Ky. 2013) (internal quotation marks and citations omitted). But Appellants named Erlanger as a defendant in the trial court and as an Appellee here. Erlanger filed a proper brief in this case. Thus, even if we assume for the sake of argument that Erlanger is an indispensable party, Appellants are entitled to no relief on their odd indispensable party argument because Erlanger has always been a party to this case and so there is no absence to prevent the granting of complete relief.

The question becomes what we should do in response to Appellants' irredeemably deficient brief. We "cannot tolerate" Appellants' "total disregard" for appellate briefing rules. *Koester*, 569 S.W.3d at 414. The current and former briefing rules, as well as precedent, provide the clear answer as to the appropriate sanction: Appellants' brief should be stricken.

Former CR 76.12(8)(a) provided that an appellate court could strike a brief for failing to comply substantially with the mandatory briefing requirements. Similarly, RAP 31(H)(1) provides that "[a] brief may be stricken for failure to substantially comply with the requirements of these rules." We, and our Supreme Court, have repeatedly stricken egregiously deficient briefs. *Roth*, 567 S.W.3d at 596; *Hamburger*, 654 S.W.3d at 104. And when an appellant's brief is stricken, the appeal is dismissed. *Roth*, 567 S.W.3d at 596; *Hamburger*, 654 S.W.3d at 104.

We prefer to resolve appeals on the merits. Indeed, "[a]s long as a good faith effort is made, this Court will consider the arguments presented to it . . . ." *Daugherty v. Commonwealth*, 467 S.W.3d 222, 233 (Ky. 2015). But here, the Appellants' completely deficient brief gives no indication that they made even a good faith effort to submit a compliant brief. *See, e.g.*, *Roth*, 567 S.W.3d at 596.

In the process of attempting to address the Appellants' position in this case, we have reviewed the entire file. As we attempted to examine Appellants' arguments on the merits (to the extent possible, given their extreme terseness and lack of explanation), we found no basis to reverse the summary judgment granted by the circuit court.

In conclusion, the standards governing appellate briefs are now found in the Kentucky Rules of Appellate Procedure, not the Rules of Civil Procedure. However, the core standards requiring providing preservation statements, ample

citations to the record, and citations to pertinent authority have not been meaningfully changed. Appellants' brief repeatedly fails to meet those baseline standards. Thus, for the foregoing reasons, we exercise our discretion and order the Appellants' brief to be stricken. Consequently, this appeal is DISMISSED.

ALL CONCUR.

ENTERED: March 3, 2023___

_Kelly Mark Easton_

JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANTS:

Darrell A. Cox
Covington, Kentucky

BRIEF FOR APPELLEE
SANITATION DISTRICT NO. 1:

Jeffrey C. Mando
Olivia F. Amlung
Covington, Kentucky

BRIEF FOR APPELLEE THE CITY
OF ERLANGER:

Charles D. Cole
M. Todd Osterloh
Maureen C. Malles
Lexington, Kentucky