RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1277-MR

BRAY NELSON                                                           APPELLANT


APPEAL FROM BOONE CIRCUIT COURT
v.       HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 17-CR-00191


COMMONWEALTH OF KENTUCKY                                              APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE: Appellant, Bray Nelson (Nelson), *pro se*, appeals from the

denial of his RCr[1] 11.42 motion following an evidentiary hearing. After our

review, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

The underlying facts were summarized in this Court's Opinion rendered in the direct appeal, *Nelson v. Commonwealth*, No. 2019-CA-0976-MR, 2020 WL 6538757, at *1 (Ky. App. Nov. 6, 2020):

> Bray Nelson (Nelson) was an employee of the Campbell County Jail when he met Angel, a fellow employee. Despite his being married with children, Nelson and Angel had a more than platonic relationship. . . .
>
> On February 18, 2017, Angel was scheduled to work an overnight shift at the Boone County Jail and the Nelsons were going to watch her young son for her. She dropped her son off on her way to work and then after her shift ended she returned to the Nelson home. Nelson let her in the home when she arrived and told her that her son was fine, and he was still asleep. Angel saw her son asleep in the living room and then went downstairs to sleep for a bit.
>
> After her nap, Angel and Nelson engaged in sexual activity and only after did she interact with her child and notice he had bruising on his body in several locations. Angel testified that Nelson admitted having "whipped" the child when he would not stop crying and go to sleep . . . . Angel testified she was too frightened of Nelson to confront him about the "whipping," and stayed at the Nelson home that day with the child, even having dinner with the family.
>
> She was supposed to meet the child's father at a predetermined location for a scheduled custody exchange that evening, but instead when she left the Nelson home with the child, she drove directly to the father's residence and showed him the bruises. . . . [T]he child . . . was transported . . . to Cincinnati Children's Hospital. . . . released . . . the next day and had no permanent injuries due to the "whipping."

-2-

When the police contacted Angel to investigate the matter, . . . she told the authorities that the child had simply fallen while playing at the park. The detective had Angel call Nelson on a recorded line, and during the call he admitted having caused the bruises with a belt.

When interviewed, Nelson admitted "spanking" Angel's son with an open hand . . . . He denied trying to hurt the child . . . . After being confronted with the recording of the call with Angel wherein he had stated using a belt, he admitted to police that he had held the child by the arm with one hand and used a belt to strike him with the other.

Angel testified at the trial and the jury was shown photographs of the child's bruises. Nelson testified in his own defense and denied having used a belt, despite having told the detective he had done so. . . . He denied intending to cause the child any injury and insisted he was simply trying to discipline him for crying for his mother after she left.

The jury found Nelson guilty of criminal abuse in the first degree and recommended a total sentence of imprisonment of seven and a half years. The trial court imposed a five-year sentence over the jury's recommendation.

*Id.* at *1-2. In his direct appeal, Nelson argued that the Commonwealth presented insufficient evidence of guilt and that the trial court should have entered a directed verdict. This Court affirmed, determining that the Commonwealth presented sufficient proof.

On March 16, 2022, Nelson filed a motion for a new trial pursuant to RCr 11.42 in Boone Circuit Court. On April 28, 2023, the court conducted an

-3-

evidentiary hearing on Nelson's motion. The parties submitted post-hearing

memoranda, and the circuit court took the matter under submission on July 12,

2023. On September 27, 2023, the court entered a 34-page Order denying

Nelson's RCr 11.42 motion as follows in relevant part:

> At trial, Defendant was represented by Hon. Fred Johnson[2] and Hon. Brad Fox. . . .
>
> . . .
>
> **Defendant asserts four allegations of ineffective assistance of counsel in his post-hearing Memorandum**, namely, that counsel was ineffective for: (1) failing to move to suppress Defendant's statements to Detective Watson; (2) failing to move to exclude evidence of other injuries to the victim, (3) failing to object to medical testimony from Detective Watson; and (4) failing to adequately prepare Defendant to testify at trial.

(Boldface emphasis added.)

The trial court discussed each of those allegations in detail and

concluded that:

> Attorney Fox testified that, for pretrial discovery, pretrial investigation and as to his own preparedness for trial, he relied on Attorney Johnson who is now deceased. It may be that Johnson could have demonstrated . . . a reasonable, strategic basis to explain the failures and omissions about which Defendant complains . . . . But no such basis could be ascertained on the record or on the evidence presented at the hearing. Consequently, the Court finds Defendant has demonstrated that he received

---

[2] Mr. Johnson passed away before Nelson filed his motion for post-conviction relief.

-4-

ineffective assistance of counsel. However, the primary question "is not whether [Defendant's] counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *United States v. Morrow*, 977 F.2d at 229 (6th Cir. Ky., 1992, *en banc*), cert. denied, 508 U.S. 975 (1993); *West v. Seabold*, 73 F.3d 81, 84 (C.A. 6, Ky. 1996); *Bratcher v. Commonwealth*, 406 S.W.3d 865. 869 (Ky. App. 2012). As to that question, the Court finds the answer to be in the negative.

Defendant admitted to striking [the child] with a belt. The admissibility of that admission has not been challenged. This is problematic for Defendant in meeting the second prong in *Strickland*. In addition, when testifying to the Jury, Defendant admitted that he might have caused bruising to [the child] by striking him with his hand. And then there is the testimony that Defendant purportedly made up the story that [the child's mother] initially gave to Detective Watson. Credibility is certainly an issue.

Although this was a difficult decision and required careful scrutiny of both the record and testimony given at the evidentiary hearing, the Court finds Defendant has failed to meet his burden under *Strickland*'s second prong. Again, the test is not whether there is a reasonable probability that the result *might* have been different, but whether "there is a reasonable probability that . . . the result . . . *would* have been different. *McKee*, 486 S.W.3d at 868.[3] Having analyzed the totality of Defendant's allegations, and the evidence taken as a whole, the Court cannot find that the Jury's verdict was either untrustworthy or unreliable.

---

[3] *Commonwealth v. McKee*, 486 S.W.3d 861 (Ky. 2016).

Nelson, *pro se*, appeals.  As our Supreme Court explained in *Ford v. Commonwealth*, 628 S.W.3d 147, 156 (Ky. 2021):

> The standard for a trial court's review of a claim of ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. at 687, 104 S. Ct. 2052 and adopted in *Gall v. Commonwealth*, 702 S.W.2d 37, 39 (Ky. 1985).  This standard is two-pronged.  The defendant must show that:  (1) trial counsel's performance was deficient, and (2) trial counsel's deficient performance prejudiced him.  *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.  The defendant must show that counsel's performance "fell below an objective standard of reasonableness" and was so prejudicial that he was deprived "of a fair trial . . . whose result is reliable" *Id.* at 687-88, 104 S. Ct. 2052.
>
> In reviewing an RCr 11.42 proceeding, the appellate court reviews the trial court's factual findings for clear error while reviewing the application of its legal standards and precedents de novo.

As a preliminary matter, we note that the certified written record on appeal before us includes little other than the circuit court's September 27, 2023, Order denying Nelson's RCr 11.42 motion; it does not include Nelson's motion or the post-hearing memoranda filed by the parties.

Nelson's brief fails to comply with procedural requirements of the Kentucky Rules of Appellate Procedure (RAP).  His status as a litigant acting *pro se* does not exempt Nelson from the procedural rules.  *Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019).  RAP 32 provides in relevant part that:

(A) Appellant's Opening Brief. An appellant's opening brief must contain the following sections, in the following order.

. . .

(3) A statement of the case consisting of a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, with ample references to the specific location in the record supporting each of the statements contained in the summary.

(4) An argument conforming to the statement of points and authorities, with ample references to the specific location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

Most of the references in Nelson's statement of the case are to his brief's own appendix, which are "not a substitute for the rule's requirement to cite only to the certified record on appeal." *J.P.T. v. Cabinet for Health and Family Services*, 689 S.W.3d 149, 151 (Ky. App. 2024). Moreover, "[e]xcept for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs." RAP 32(E)(1)(c).

Nelson's generalized argument (*i.e.*, that the circuit court erred when it denied his RCr 11.42 motion) is unclear. He appears to argue that defense trial

counsel was ineffective by not attempting to negotiate a plea deal or to mitigate the charges; he also intimates that defense trial counsel should have raised a justification defense. However, the circuit court did not identify those allegations of ineffectiveness of counsel as having been raised in Nelson's post-hearing memoranda. "On appeal, a party may only present those issues that were fully presented to the trial court . . . ." *Henderson v. Commonwealth*, 438 S.W.3d 335, 343 (Ky. 2014). Furthermore, Nelson fails to include a preservation statement at the beginning of his argument as required by RAP 32(A)(4) to assure us that the issue was properly presented to the trial court and that it is, therefore, appropriate for appellate review. *Gasaway v. Commonwealth*, 671 S.W.3d 298, 311 (Ky. 2023). We agree with the Commonwealth that these issues are not properly preserved and we decline to consider them.

The circuit court based its denial of Nelson's RCr 11.42 motion on the fact that Nelson failed to meet his burden under *Strickland*'s second prong, which requires demonstrable prejudice. Nothing in Nelson's argument persuades us otherwise. On the contrary, we agree with the sound and thorough analysis of the circuit court.

Accordingly, we affirm the Order of the Boone Circuit Court denying Nelson's RCr 11.42 motion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Bray Nelson, *pro se*
Union, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky