RENDERED: JULY 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0213-MR

SONJA WILDE-DEVRIES, SURETY FOR
QUINTON WILLIAM DUNN                                              APPELLANT


|                  | APPEAL FROM JEFFERSON CIRCUIT COURT |
|------------------|-------------------------------------|
| v.               | HONORABLE SUSAN SCHULTZ GIBSON, JUDGE |
|                  | CASE NOS. 22-CR-002602 & 23-CR-002252 |


COMMONWEALTH OF
KENTUCKY                                                               APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES

KAREM, JUDGE: Sonja Wilde-Devries[1] appeals from a Jefferson Circuit Court

order directing the forfeiture of a $100,000 bond[2] she posted to secure the release

---

[1] We are using the spelling of the appellant's surname as it appears in the notice of appeal.

[2] The terms "bond" and "bail" are used interchangeably.

of a criminal defendant, Quinton Dunn. Wilde-Devries argues that (1) she was not afforded adequate due process prior to the order of forfeiture; (2) she was unjustly held responsible for Dunn's behavior; and (3) the amount of the forfeiture was excessive. Upon careful review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2022, Dunn was indicted in Jefferson County on seventeen counts of robbery in the first degree, two counts of wanton endangerment in the first degree, and one count of possession of a handgun by a convicted felon. His bond was set at $100,000, full cash, with the condition that he have no new arrests or violations of the law. Because Dunn was on parole for previous robbery convictions at that time, the indictment caused his parole to be revoked. Thus, Dunn served the remainder of the sentence and was released on October 12, 2023. However, he remained in custody on the charges arising out of the December 2022 indictment wherein the judge had set a $100,000 conditional bond. On the next day, October 13, 2023, Wilde-Devries posted the $100,000 bond. She signed an AOC 365.1 form which listed the conditions of Dunn's release. These included: no further violations of law and no illegal use/possession of firearms or other deadly weapons. The form also stated that if Dunn failed to comply with the conditions of release, the court could order forfeiture of the bond. Wilde-Devries signed the signature box which contained the statement "I

-2-

undertake that [Dunn] will appear and be amenable to the orders and process of this and any other court in which this proceeding may be pending[.]"

On October 28, 2023, Dunn was arrested in Todd County for conspiring with an incarcerated acquaintance to escape. He was arraigned on October 30, 2023. Wilde-Devries posted his bond of $2,500 and signed another AOC 365.1 form. Dunn was then out of custody once more.

Based on the Todd County charges, the Commonwealth in Jefferson County moved to forfeit the $100,000 bond and to increase the bond amount. The circuit court scheduled a bond forfeiture hearing for December 4, 2023. In the meantime, from November 10 to 15, 2023, Dunn allegedly committed fifteen additional armed robberies. He was indicted on fifteen new counts of robbery, one count of being a felon in possession of a handgun and being a first-degree persistent felony offender.

At the hearing on December 4, 2023, Dunn's counsel acknowledged the new indictment in Jefferson County, stipulated that Dunn had violated the conditions of his bond, and agreed to a bond increase. Dunn's bond was increased to $500,000, full cash. Wilde-Devries was present for the hearing with her attorney but did not object or seek to participate in any way. The circuit court passed the forfeiture decision to a combined pretrial conference/bond forfeiture hearing.

At that hearing, which was conducted on January 12, 2024, Dunn's counsel informed the court that a global plea agreement to resolve the charges in both Jefferson County cases was almost complete. Dunn and his attorney were thereafter excused, and the forfeiture hearing proceeded.

Wilde-Devries's counsel argued that Dunn's stipulation was insufficient evidence to support forfeiture and that an adversarial hearing was required at which the detectives and police officers involved in the case would be required to testify about the violation. He argued that Dunn could not waive Wilde-Devries's right to this type of hearing, and Dunn's stipulation could not bind her.

The circuit court found that Dunn's stipulation that he had violated the conditions of his bond by getting arrested for additional crimes obviated the need for such an evidentiary hearing. The court found, by clear and convincing evidence, a willful violation of the conditions of the bond. The court then heard mitigating evidence regarding whether the bond should be revoked.

Wilde-Devries testified that she and Dunn had been married by a minister, but the legal paperwork had not yet been filed. She was earning $18.60 per hour as an assistant instructor for Jefferson County Public Schools. She and Dunn lived together after she posted the bond, but she was unaware he had planned a new crime spree and stated that if she had known, she would have tried to stop

-4-

him. She testified she would have to sell her house to pay back the money she had borrowed for the bond. On cross-examination, she testified she met Dunn in 2022 when he was on parole for robbery convictions. She testified that she discussed with Dunn his plan to enter a guilty plea to the charges and that she had signed a form when posting his bond stating the conditions of his release. She acknowledged she was aware he was to have no new violations of the law and that she took that risk by posting the money for him. She also admitted she did not expect to get the bond money back.

The circuit court entered written findings of fact, conclusions of law, and ordered the $100,000 bond to be forfeited. The court held that counsel for the surety had provided no authority for the proposition that the surety has an independent right to a presentation of evidence regarding the alleged violation of the conditions of the bond, noting that the surety and her counsel were present at the hearing at which Dunn had stipulated that he had violated the conditions of his bond and had raised no objection to the stipulation. The court found ample justification for the revocation of the full amount of the bond, $100,000, finding that Wilde-Devries, with full knowledge that Dunn had violated the conditions of his bond, posted another bond in Todd County, and thereby made possible the commission of fifteen additional armed robberies.

This appeal by Wilde-Devries followed.

-5-

As a preliminary matter, the Commonwealth requests us to strike the appellant's brief or, in the alternative, to review her arguments for palpable error only, because the brief fails to comply with the Rules of Appellate Procedure (RAP) in two significant respects:  it contains no preservation statement as required by RAP 32(A)(4) and it does not make ample references to the record as required by  RAP 32(A)(3) and (4).  Compliance with these promotes "meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal[,] [such as] what facts are important and where they can be found in the record[.]" *Koester v. Koester*, 569 S.W.3d 412, 414 (Ky. App. 2019) (citation omitted).  "[A]n appellant preserves for appellate review only those issues fairly brought to the attention of the trial court. . . .  A new theory of error cannot be raised for the first time on appeal." *Elery v. Commonwealth*, 368 S.W.3d 78, 97-98 (Ky. 2012) (internal quotation marks and citations omitted).

"Our options when an appellate advocate fails to abide by the rules are:  (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)(1)]; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Barnette v. Evans*, 697 S.W.3d 749, 755 (Ky. App. 2024) (internal quotation marks and citations omitted).

The record in this case is relatively small.  Wilde-Devries presented her arguments regarding her right to an evidentiary hearing and the alleged

excessiveness of the bond in her arguments before the trial court at the forfeiture hearing, and they will be reviewed here. But we have not been able to determine, in our review of the record, where or if she argued she was improperly being held responsible for Dunn's behavior. Consequently, this argument will be reviewed for manifest injustice only. And, counsel should note, such lax adherence to the rules may not be so leniently dealt with in the future.

## STANDARD OF REVIEW

"Bonds are permitted by the court for the convenience of a person not yet proved to be guilty, and to protect the state against the expense of keeping such persons in jail." *Clemons v. Commonwealth*, 152 S.W.3d 256, 258-59 (Ky. App. 2004) (internal quotation marks and citations omitted). A surety is "a person other than the defendant who executes a bail bond and assumes the obligations therein." Kentucky Rule of Criminal Procedure (RCr) 4.00(g). If a criminal defendant "neglect[s] to comply with the obligations of the bond, it [is] proper for the lower court to order a forfeiture thereof." *Briggs v. Commonwealth*, 185 Ky. 340, 214 S.W. 975, 979 (1919). "Bonds are discretionary, and the decision to impose, forfeit, or remit bonds lies solely with the trial court." *Clemons*, 152 S.W.2d at 259 (citations omitted). A trial court abuses its discretion in revoking a bond if its ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

# ANALYSIS

Wilde-Devries argues that the trial court's reliance on Dunn's stipulation that he violated the terms of his probation infringed on her due process rights because she should have been afforded a separate evidentiary hearing to contest the finding. She contends that the stipulation was part of Dunn's counsel's strategy in resolving the two individual indictments and that her rights as the surety should have been considered separately. At the forfeiture hearing, her attorney argued that she should have been allowed to call the investigating police officers as witnesses to testify about Dunn's new offenses.

The Rules of Criminal Procedure do not provide for a separate "surety hearing." Before bail may be forfeited, RCr 4.42 requires the trial court to conduct an adversary hearing for the defendant and the surety which comports with due process:

> Before the court may make the findings required for change of conditions or forfeiture of bail under this rule, the defendant and the defendant's surety or sureties shall be granted an adversary hearing comporting with the requirements of due process. Whenever the court changes conditions of release (except upon motion of the defendant) or orders forfeiture of bail, it must furnish the defendant and the defendant's surety or sureties with written reasons for so doing.

RCr 4.42(5).

"[T]he Due Process Clause provides that certain substantive rights – life, liberty, and property – cannot be deprived except pursuant to constitutionally adequate procedures." *Louisville/Jefferson Cnty. Metropolitan Government v. Moore*, 701 S.W.3d 335, 345-46 (Ky. 2024) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)). "The essential requirements of due process . . . are notice and an opportunity to respond." *Id.* (quoting *Dep't of Revenue, Finance and Admin. Cabinet v. Wade*, 379 S.W.3d 134, 138 (Ky. 2012)). "The hearing at which the individual can respond 'must be "at a meaningful time and in a meaningful manner."'" *Id.* (citation omitted).

Wilde-Devries and her counsel were present at the hearing at which Dunn's attorney made the stipulation, but they did not challenge it. She now implies that the stipulation was a strategic decision made solely in the context of Dunn's criminal cases and cannot be used in her case. Further, although she demands a full evidentiary hearing, she cautions that Dunn cannot be asked to testify as it might implicate his Fifth Amendment right against self-incrimination. Although due process requires notice and a meaningful opportunity to be heard, it does not require a mini-trial, complete with witnesses, to determine whether a defendant is actually guilty of committing a criminal offense before bond may be forfeited. Wilde-Devries was provided with ample notice that Dunn had stipulated

-9-

to violating the conditions of his probation. She was present in the courtroom, with her counsel, when Dunn's attorney informed the court of the stipulation. She does not dispute that she was provided with notice of that hearing and of the forfeiture hearing. She raised no objection to Dunn's stipulation, nor did she seek to call additional witnesses at the forfeiture hearing. The requirements of due process were met because she was afforded ample notice and an opportunity to respond.

Wilde-Devries's next argument is unpreserved and will be reviewed for manifest injustice only. She contends that the primary purpose of a bond is to ensure the defendant's appearance in court, and that she was improperly held responsible for Dunn's behavior because she had no control or ability to prevent him from being charged with a new offense. She argues that, traditionally, subsequent incarceration exonerated the surety and contends that our more recent cases reflect a misguided belief that the surety has some extra authority over a defendant.

A surety is defined as "a person other than the defendant who executes a bail bond and **assumes the obligations therein**." RCr 4.00(g) (emphasis supplied). Our Court has expressly held that the General Assembly intended the courts to have the option to forfeit for non-financial violations:

> KRS 431.545 plainly states that bond forfeiture is appropriate if a defendant "shall willfully fail to appear

-10-

> **or shall willfully fail to comply with the conditions of his release** . . . ." Likewise, RCr 4.42 states:
>
> > (1) If at any time following the release of the defendant and before the defendant is required to appear for trial the court is advised of a material change in the defendant's circumstances **or that the defendant has not complied with all conditions imposed upon his or her release**, the court having jurisdiction may order the defendant's arrest and require the defendant or the defendant's surety or sureties to appear and show cause why the bail bond should not be forfeited or the conditions of release be changed, or both.

*Clemons*, 152 S.W.3d at 259 (emphasis in the original) (citations omitted).

Wilde-Devries posted bond for Dunn twice, in full awareness of his criminal history. On both occasions she signed a form indicating she understood the bond could be forfeited if Dunn violated the terms of his release. The terms of release were clearly stated on the form. She does not claim she was coerced or misled or did not understand what she was signing. We are not at liberty to ignore KRS 431.545 or our case law, which clearly contemplate the forfeiture of the bond if the conditions of release are violated. The trial court's decision to order forfeiture of the bond was fully supported by our legal precedent and by the facts of this case, and certainly did not rise to the level of manifest injustice.

Finally, Wilde-Devries argues that the forfeiture of the entire amount of the bond was excessive. She contends that the decision failed to meet the

factors for determining the amount of a forfeiture outlined in an unpublished opinion of this Court, *Martin v. Commonwealth*, No. 2002-CA-002288-MR, 2003 WL 22681798 (Ky. App. Nov. 14, 2003). After making the initial determination that the violation was willful, the court may consider the following factors:

> the seriousness of the condition violated; the deterrence value of the forfeiture; the cost, inconvenience, prejudice, or potential prejudice suffered by the Commonwealth as a result of the breach; whether forfeiture will vindicate a serious injury to the public interest; the appropriateness of the amount of the bond; and any mitigating factors presented by the defendant.

*Martin*, 2003 WL 22681798 at *2.

The trial court made the following findings to support its decision to forfeit the bond, and in the full amount:

> The Court has found by clear and convincing evidence that Defendant willfully violated the conditions of bond, based on the subsequent offenses for which Defendant stands charged. The Court finds ample justification for the revocation of the full $100,000 posted by Ms. Wilde-Devries. The Court has been presented with no authority that it is required to consider the financial circumstances of the surety when making a decision as to bond forfeiture. While counsel for Ms. Wilde-Devries argued that she would lose her home and it was implied that the "borrowed" money would need to be paid back, Ms. Wilde-Devries made no such claims. In fact, her testimony was very precisely worded so as not to support those inferences. In any event, Ms. Wilde-Devries, with full knowledge that Defendant had violated the conditions of bond in this case, willingly posted another bond in Todd County rather than petitioning this Court to return the posted $100,000 once Defendant was back in

-12-

custody. In doing so, Ms. Wilde-Devries made possible fifteen additional armed robberies, all the while knowing that Defendant had no concern for the conditions of his bond.

Wilde-Devries argues that the trial court failed to make a finding by clear and convincing evidence that Dunn willfully violated a condition of the bond in a forfeiture hearing. As we have already determined, the trial court's reliance on Dunn's stipulation did not violate Wilde-Devries's due process rights. His stipulation, and the evidence of the new charges against him, constituted clear and convincing evidence to support the finding that his violation of the terms of his release was willful.

Devries acknowledges that the probation condition Dunn violated was one the court "appears to find quite serious," but argues that none of the other factors weigh in favor of forfeiture. She contends that taking her money will not deter criminal behavior on the part of the defendant; that the Commonwealth will suffer almost no cost, inconvenience, or prejudice; there was no serious injury to the public interest; and the forfeiture simply punishes her for attempting to aid a loved one. She contends that the forfeiture of the entire amount will have a chilling effect on future sureties and places the jail system at risk of further overcrowding.

The Commonwealth argues that the *Martin* factors all support the trial court's decision to forfeit the entire amount. It contends that Dunn's commission

of multiple armed robberies was a serious violation; that the forfeiture will have the positive effect of deterring sureties from posting bond for crimes committed while on parole and for crimes that violate the conditions of the first bond; that the posting of the bonds allowed Dunn to commit multiple additional offenses that the Commonwealth had to investigate and charge; that Dunn's multiple offenses were a serious injury to the public; and finally, that Wilde-Devries chose to post Dunn's bond twice even though she was familiar with his past criminal history.

In ordering the forfeiture of the entire bond, the trial court emphasized the seriousness of Dunn's violations; noted that Wilde-Devries chose to post bond in Todd County with the knowledge that Dunn had violated his probation; and emphasized that the posting of the bonds allowed Dunn to commit multiple additional offenses. The trial court's ruling is fully supported by clear and convincing evidence; it is neither arbitrary, unreasonable, nor unfair, and it will not be disturbed on appeal.

## CONCLUSION

For the foregoing reasons, the order of the Jefferson Circuit Court granting the motion for bond forfeiture is affirmed.


ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE

Kevin M. Glogower                       Russell M. Coleman
Louisville, Kentucky                    Attorney General of Kentucky

                                        Shawn D. Chapman
                                        Deputy Solicitor General
                                        Frankfort, Kentucky