RENDERED: MAY 3, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0626-MR

SHANNON FEARER                                         APPELLANT


                     APPEAL FROM KNOX CIRCUIT COURT
v.               HONORABLE STEPHEN MICHAEL JONES, JUDGE
                      ACTION NO. 21-CI-00321


BRIAN FEARER                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE: Appellant, Shannon Fearer ("Shannon"), appeals from the decree of property division, custody, and child support entered by the Knox Circuit Court. Specifically, Shannon contests the amount of child support awarded, the denial of her maintenance claim, and the award of a 1976 Corvette to Appellee, Brian Fearer ("Brian"). After careful review of the briefs submitted and the law, we affirm.

# I. BACKGROUND

The parties were married on October 5, 1996. During their marriage they had four children; however, only one was still a minor when Brian filed a petition for dissolution on August 12, 2021.

Shortly after Brian filed the petition, Shannon filed motions for status quo, exclusive occupancy, child support, and sole custody. (Record ("R.") at 17-25.) During the hearing on these motions, Brian's counsel objected to the motion for status quo, and, at the request of both parties' counsel, the circuit court passed the motions to be heard at a final hearing on the matter set for January 5, 2022. (Video Record ("V.R.") – Oct. 22, 2021 Hearing, at 9:38:35 – 9:41:00.) Shannon also filed a motion for temporary and permanent maintenance which she noticed for January 5, 2022. (R. at 81.) For various reasons, the final hearing was postponed multiple times over the next year and a half.

A bifurcated decree of dissolution was entered on August 17, 2022, which reserved all other issues for a final hearing. (R. at 192.) Eventually, Shannon's fourth counsel entered her appearance, and the circuit court set a final hearing for April 21, 2023. (R. at 257.)

Both parties appeared with counsel for the final hearing on April 21, 2023. Counsel indicated the contested issues were custody, parenting time, property division, and maintenance. (V.R. – Apr. 21, 2023 Hearing, at 1:29:40.)

The circuit court heard testimony from both parties and an appraiser of the marital home. After the hearing, the circuit court divided the property, which included the award of a 1976 Corvette to Brian, denied Shannon's request for maintenance, awarded joint custody with time sharing at the discretion of the child, and set a monthly child support obligation at $750 for Brian to pay to Shannon. (V.R. – Apr. 21, 2023 Hearing, at 3:16:00 – 3:32:00.)

On appeal, Shannon argues the circuit court erred in deviating from the child support guidelines, denying her maintenance request, and awarding the parties' 1976 Corvette to Brian.

## II.    ANALYSIS

### A. Child Support

As Brian states in his brief, Shannon did not properly preserve the issue of child support for appellate review. Shannon did not file any motion requesting post-judgment relief such as a motion to alter, amend, or vacate under CR[1] 59.05 nor a motion requesting additional findings of fact under CR 52.04. Additionally, during the April 21, 2023 hearing, Shannon did not state any objections or make any requests concerning child support; in fact, Shannon elicited no testimony nor submitted any evidence concerning child support in the underlying case whatsoever other than a child support worksheet submitted with

---

[1] Kentucky Rules of Civil Procedure.

her motion for child support filed more than a year and a half before the hearing. (R. at 21.)

Generally, the courts will not address unpreserved issues in the absence of a request for palpable error. *See G. P. v. Cabinet for Health & Fam. Servs.*, 572 S.W.3d 484, 490 (Ky. App. 2019) ("If the issue sought to be raised was not argued to the trial court, palpable error review may be requested – if appropriate – or the issue must be abandoned."). Shannon has not requested a review for palpable error.

However, given this issue impacts the rights of a child, we choose to review the matter for manifest injustice. *See id.* at 489-90 (granting review for manifest injustice in a termination of parental rights case even though mother did not request palpable error review); *see also* CR 61.02; *see also Gibson v. Gibson*, 211 S.W.3d 601, 609 (Ky. App. 2006) ("Child support is a statutory duty intended to benefit the children, rather than the parents."). "For an error to be palpable, it must be easily perceptible, plain, obvious and readily noticeable[;] . . . must involve prejudice more egregious than that occurring in reversible error[;] . . . [or] must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006) (internal quotation marks and citations omitted).

In this case, the circuit court applied the correct statute, KRS[2] 403.211, in setting the amount of child support. The order shows the circuit court contemplated the inequitable distribution of property; the monies Brian paid including child support, mortgage payments, and utilities, during the pendency of the divorce proceeding, even though there was no order for him to do so; and the award of the tax credit for the child to Shannon in deviating from the guidelines. The circuit court's handling of this matter does not rise to the level of palpable error which would result in manifest injustice. Likewise, we do not find manifest injustice occurred when the circuit court set child support to begin on May 1, 2023, as opposed to a previous date.[3] Be that as it may, nothing in this Opinion herein shall prejudice or preclude Shannon from making an appropriate motion to modify child support with the circuit court under KRS 403.213.

## B. <u>Maintenance</u>

Unlike the child support issue, Shannon testified about her maintenance request and objected to Brian's position that he not pay any during the April 21, 2023 hearing; thus, after reviewing the video record, we determine the issue was preserved. (V.R. – Apr. 21, 2023 Hearing, at 2:58:30.) However, the

---

[2] Kentucky Revised Statutes.

[3] KRS 403.160 provides that an award of child support "shall be retroactive to the date of the filing of the motion for temporary support *unless otherwise ordered by the court*." (Emphasis added.) In this case, Shannon filed her initial motion for child support on September 22, 2021. Considering the discretionary language found in KRS 403.160, we find no palpable error.

problem remains that Shannon has failed to include a preservation statement in her brief concerning her maintenance request.

It is well established that preservation statements are paramount to assure the appellate court that issues are "properly presented" to the circuit court and thus appropriate for review on appeal. *See Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). Our rules require them. RAP[4] 32(A)(4). This Court has three options to consider when an appellate advocate fails to abide by the rules: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)(1)]; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Ford v. Commonwealth*, 628 S.W.3d 147, 153 (Ky. 2021) (citing *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010)). "It is not the function or responsibility of this court to scour the record on appeal to ensure that an issue has been preserved." *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019) (citations omitted). While it is within this Court's discretion to review this issue for manifest injustice, we shall choose to ignore the deficiency; the record on appeal was not so voluminous to prevent the Court from ascertaining that the issue was preserved with immoderate difficulty. *Cf. Parker v. Commonwealth*, 291 S.W.3d 647, 676 (Ky. 2009). We advise counsel that such leniency may not be extended in the future.

---

[4] Kentucky Rules of Appellate Procedure.

"While the award of maintenance comes within the sound discretion of the trial court, a reviewing court will not uphold the award if it finds the trial court abused its discretion or based its decision on findings of fact that are clearly erroneous." *Powell v. Powell*, 107 S.W.3d 222, 224 (Ky. 2003). An award of maintenance is governed by KRS 403.200, the application of which "requires the family court to engage in a two-step process prior to granting a party maintenance. First, the family court must determine whether the party seeking maintenance is entitled to it by ascertaining whether that party is able to meet his or her reasonable needs." *Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 446 (Ky. App. 2012). In doing so, the first portion of KRS 403.200 provides:

> (1) In a proceeding for dissolution of marriage . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> > (a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
> >
> > (b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

In this case, the circuit court found that Shannon did not lack sufficient property to provide for her needs based on the inequitable distribution of

-7-

marital property in her favor.[5]  Additionally, the circuit court found Shannon had been employed throughout the marriage and she testified to being employed full-time at the time of the hearing.  She provided no evidence that she was unable to work.  Shannon also testified to her background in real estate and stated she could obtain her real estate license out of escrow to sell the marital home herself.  (V.R. – Apr. 21, 2023 Hearing, at 3:18:15.)   Finally, the parties' child was over the age of 15 at the time of the circuit court's decision and does not have special needs which would prevent Shannon from seeking employment outside of the home.  KRS 403.200(1)(b); *see also Weber v. Lambe*, 513 S.W.3d 912, 916 (Ky. 2017) (finding the child "required a significant amount of care, including frequent trips to various physicians, assistance with administration of insulin, and monitoring after meals").

Thus, the circuit court's decision to deny maintenance was not arbitrary, unreasonable, unfair, or unsupported by legal principles.

### C. 1976 Corvette

No preservation statement was included concerning the issue of the 1976 Corvette either.  However, like the maintenance issue, Shannon testified

---

[5] Most of the parties' assets and debts were divided equally between the parties, including the proceeds from the sale of the marital home.  However, the circuit court awarded Shannon approximately $18,000 more in marital vehicles than it awarded Brian.  The circuit court also recognized that Shannon received the benefit of Brian's making mortgage and utility payments, during the pendency of the divorce proceeding, even though there was no order for him to do so. (V.R. – Apr. 21, 2023 Hearing, at 3:26:20.)

about the issue.  (V.R. – Apr. 21, 2023 Hearing, at 2:55:00.)  Similarly, we choose to ignore the deficiency.  *See Ford*, 628 S.W.3d at 154.

"It is well settled that issues pertaining to the division of marital property upon divorce are reviewed under an abuse of discretion standard." *Overstreet v. Overstreet*, 144 S.W.3d 834, 838 (Ky. App. 2003) (citations omitted). The circuit court follows a three-step process in dividing the parties' property in a dissolution of marriage action:  "(1) the trial court first characterizes each item of property as marital or nonmarital; (2) the trial court then assigns each party's nonmarital property to that party; and (3) finally, the trial court equitably divides the marital property between the parties." *Travis v. Travis*, 59 S.W.3d 904, 908-09 (Ky. 2001) (footnotes omitted).  There is a presumption that all property acquired during the marriage is marital.  *Id*. at 905 (citing KRS 403.190(3)).  Generally, gifts to third parties that are considered a "marital enterprise" and do not constitute dissipation are exempted from the division of marital property.  *See Robinette v. Robinette*, 736 S.W.2d 351, 354 (Ky. App. 1987).

Shannon argues the circuit court erred in treating the Corvette as marital property and awarding it to Brian.  She believes the Corvette should have been designated as nonmarital property because the parties intended it to be a gift to the parties' sons, and it should have been awarded to her for their benefit. However, there is no basis for this argument in Kentucky law.

In this case, the circuit court did not find the Corvette was intended to be a gift from both parties and thus exempt from division of the marital property as a marital enterprise. Additionally, Shannon did not present sufficient evidence that would have rebutted the presumption in KRS 403.190(3) and allowed the circuit court to have designated the Corvette as anything other than marital property. During the hearing, Brian requested the award of the Corvette and testified it was purchased during the marriage with marital funds and titled in his name. (V.R. – Apr. 21, 2023 Hearing, at 2:04:40.) At no point did Brian address whether he intended to convey the Corvette as a gift to the sons, nor was he questioned about it by Shannon's counsel. Shannon also testified the Corvette was acquired using funds from the sale of one of the parties' previous marital homes. (V.R. – Apr. 21, 2023 Hearing, at 2:51:00.)[6] She later stated that she believed it would only be fair for the parties' sons to have it because they want to work on it. (V.R. – Apr. 21, 2023 Hearing, at 2:55:50.) This contradicts her position that it was already gifted to their sons.

Ultimately, Shannon did not overcome the presumption that the Corvette was marital, and the circuit court did not abuse its discretion in assigning

---

[6] Shannon claimed that some of the proceeds could be traced back to a nonmarital contribution from her home owned before the marriage; however, no evidence was presented relating to tracing these amounts other than her testimony, nor has she briefed the tracing issue for this Court for review. *See Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979) ("a reviewing court will generally confine itself to errors pointed out in the briefs and will not search the record for errors").

it to Brian based on the testimony provided; the circuit court weighs the evidence of the parties and is in the best position to determine credibility. *See Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

Shannon also claims Brian waived his right to the Corvette by failing to retrieve it from the marital residence as ordered from the Agreed Order of July 21, 2023. We recognize this issue occurred after the notice of appeal was filed and is not properly before this Court, so we decline to address it.

### III. CONCLUSION

Accordingly, we hold the circuit court's ruling did not result in manifest injustice regarding the award of child support and the circuit court did not abuse its discretion regarding the remaining issues. Thus, we affirm the judgment of the Knox Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Marsha Taylor
McKee, Kentucky

BRIEF FOR APPELLEE:

Brittany N. Riley
London, Kentucky

-11-